## A90A1770. TARVESTAD v. THE STATE.

(403 SE2d 446)

McMurray, Presiding Judge.

Defendant was indicted for being a habitual violator in that he did "operate a motor vehicle after having received notice that his driver's license had been revoked as provided in O.C.G.A. 40-5-58 without having obtained a valid driver's license after said revocation. . . ." Defendant was tried before a jury and found guilty of the offense charged. This appeal followed the denial of defendant's motion for new trial. *Held*:

Defendant contends the trial court erred in failing to give his orally requested charge on justification, OCGA § 16-3-20 (6). Defendant argues that the evidence authorized such an instruction.

Defendant testified and admitted that he knowingly drove a motor vehicle after being declared a habitual violator, but defendant explained that he intentionally violated the law so that he could drive his pregnant wife to a scheduled doctor's appointment. These circumstances do not authorize the "lesser of two evils" defense of OCGA § 16-3-20 (6).

OCGA § 16-3-20 "should provide a defense to an actor who commits a relatively minor offense in order to prevent an imminent harm less than death or great bodily injury." Kurtz, Criminal Offenses & Defenses in Ga. (2d ed.), pp. 250, 252. In the case sub judice, there is no evidence that defendant was faced with an emergency. Defendant was merely taking his wife to the doctor for a scheduled examination. Further, even if defendant's wife had been in labor, defendant's intentional violation of the law would not be justified. Defendant was aware that his wife was eight-and-one-half months pregnant and he knew that she would soon be in need of transportation for medical treatment. Nonetheless, he failed to make arrangements for the expected emergency, disregarding his status as a habitual driving violator. Consequently, the trial court did not err in refusing to give defendant's orally requested charge on justification.

*Judgment affirmed. Banke, P. J., Cooper and Andrews, JJ., concur. Beasley, J., concurs in the judgment only. Sognier, C. J., Birdsong, P. J., Carley and Pope, JJ., dissent.*

Sognier, Chief Judge, dissenting.

I respectfully dissent.

It is undisputed that justification was appellant's sole defense. Appellant testified that he was driving his wife, who was eight-and-one-half months pregnant and experiencing what proved to be false labor pains, to the doctor because she could not drive his truck. Contrary to the majority's conclusion, I find that appellant's testimony, even though disputed by other evidence, constituted some evidence of

the defense of justification so as to authorize a charge on OCGA § 16-3-20 (6). Cf. *Pippins v. State*, 224 Ga. 462, 464-465 (4) (162 SE2d 338) (1968) (defendant's testimony regarding his whereabouts on night of crime held to constitute some evidence of alibi even though other witnesses disputed his version of the events). Ordinarily, the failure to charge a sole defense is reversible error even in the absence of a written request. Id. However, the Supreme Court has modified that rule as applied to affirmative defenses such as justification so that an affirmative defense need not be charged in the absence of a written request if the court's charge as a whole fairly presents the case, including the defense's theory, to the jury. *Rivers v. State*, 250 Ga. 288, 299-300 (8) (298 SE2d 10) (1982); *Booker v. State*, 247 Ga. 74 (274 SE2d 334) (1981). Here, the court's general charge included the principles of proof beyond a reasonable doubt and presumption of innocence, and the elements of the crime of habitual violator. I find this charge, taken as a whole, did not fairly present appellant's sole defense to the jury. See *Johnson v. State*, 253 Ga. 37 (315 SE2d 871) (1984); compare *Booker v. State*, 157 Ga. App. 872, 874-875 (278 SE2d 745) (1981); *Tabb v. State*, 148 Ga. App. 13, 14 (3) (251 SE2d 16) (1978). Accordingly, I would reverse.

I am authorized to state that Judge Carley and Judge Pope join in this dissent.

DECIDED FEBRUARY 21, 1991 —
REHEARING DENIED MARCH 7, 1991 —

*Billy L. Spruell*, for appellant.

*Thomas C. Lawler III, District Attorney, Terry L. Lloyd, Allyson Fritz, Assistant District Attorneys*, for appellee.