S91G0872. TARVESTAD v. THE STATE.
(409 SE2d 513)

FLETCHER, Justice.

Ronald Eugene Tarvestad was convicted of being a habitual violator under OCGA § 40-5-58. The Court of Appeals affirmed. *Tarvestad v. State,* 198 Ga. App. 863 (403 SE2d 446) (1991). We granted a writ of certiorari to consider whether the trial judge should have given a jury instruction on justification based on OCGA § 16-3-20 (6).[1] Because we find that Tarvestad presented some evidence of his sole de-

---

[1] The statute provides:
The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct. The defense of justification can be claimed:
. . .
(6) In all other instances which stand upon the same footing of reason and justice as those enumerated in this article.
OCGA § 16-3-20 (6).

fense and the jury charge as a whole did not reflect his theory of the case, we reverse the Court of Appeals' affirmance of his conviction.

Tarvestad was driving his pregnant wife to the doctor's office on June 2, 1989 when they saw a police road check. Police officers watched as a truck stopped 120 to 130 feet away and Tarvestad exchanged places with his wife so that she was driving when officers stopped the truck. Tarvestad admitted at trial that he had been driving the truck without a driver's license, but asserted that his driving was justified. He testified that the doctor had told his wife, who was eight-and-a-half months pregnant and having early labor pains, to come to the doctor's office and that Mrs. Tarvestad could not operate the truck. The trial court declined to give the orally requested charge on justification, ruling that a review of all of the evidence showed that Tarvestad had options other than driving the truck.

The trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge. *Hayes v. State*, 261 Ga. 439, 443 (405 SE2d 660) (1991); *Pippins v. State*, 224 Ga. 462, 465 (162 SE2d 338) (1968). In this case, Tarvestad met that standard when he testified that he drove without a license because his wife was experiencing labor pains, the doctor said he needed to see her, and she could not drive herself to the doctor's office. A jury could have found that his decision to seek medical help for his wife and their soon-to-be-born child stands on "the same footing of reason and justice" as a government employee's reasonable fulfillment of his duties, a parent's reasonable discipline of a child, and a person's reasonable conduct in performing a citizen's arrest. See OCGA § 16-3-20 (2), (3), and (4). Having presented some evidence on his sole defense, he was entitled to the jury instruction that he orally requested.

A trial court, however, need not specifically charge on an affirmative defense when the entire charge fairly presents the issues, including the defendant's theory, to the jury. *Johnson v. State*, 253 Ga. 37 (315 SE2d 871) (1984); *Booker v. State*, 247 Ga. 74 (274 SE2d 334) (1981). The trial court in this case gave charges on credibility, direct and circumstantial evidence, burden of proof, presumption of innocence, reasonable doubt, weighing the evidence, the definition of a crime, and inferences. These charges as a whole failed to fairly present Tarvestad's justification defense to the jury.

*Judgment reversed. All the Justices concur.*

HUNT, Justice, concurring.

I concur in the judgment but point out that the Court of Appeals did no harm to the legal principle involved. It agreed that a defendant's sole defense must be charged by the court, or, at the least, covered by the court in its charge. Six members of the Court of Appeals

affirmed the trial court's ruling that *no* evidence was presented as to that defense. Three members disagreed. Ordinarily, we would not grant the writ of certiorari to decide whether the *facts* bring a certain legal principle into play — a legal principle about which there is no disagreement. Nevertheless, the writ having been granted, I agree with the opinion's assessment of the evidence.

I am authorized to state that Justice Weltner joins in this concurrence.

DECIDED OCTOBER 18, 1991.

*Spruell & Dubuc, Billy L. Spruell, Brian M. Dubuc,* for appellant.

*Thomas C. Lawler III, District Attorney, Allyson Fritz, Debra K. Turner, Assistant District Attorneys,* for appellee.