## A93A0615. WILLIAMS v. THE STATE.
(433 SE2d 361)

JOHNSON, Judge.

Echo Williams appeals from her conviction of voluntary manslaughter and the denial of her motion for a new trial.

1. Williams contends that the trial court erred in refusing to charge the jury on self-defense and defense of others.[1] "It is well established that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. The evidence necessary to justify a jury charge need only be enough to enable one to carry on a legitimate process of reasoning." (Citations and punctuation omitted.) *Simmons v. State*, 172 Ga. App. 695, 696 (1) (324 SE2d 546) (1984). Here, there was evidence to support jury charges on the justification defenses.

The district attorney, having anticipated the affirmative defense of justification and recognizing that the burden of proof regarding this defense rested with the State, introduced into evidence during its case-in-chief two pre-trial statements made by Williams in which she claimed that her mother was attacked by the victim. Williams further stated that she intervened in the attack to protect her mother, that she and the victim struggled over a knife and that during this struggle she stabbed the victim. Williams' mother also testified at trial that she was attacked by the victim before the victim and Williams struggled.

Despite this evidence, the court refused to give charges on the justification defenses because they were inconsistent with Williams'

---

[1] These defenses will be referred to collectively as justification defenses.

trial testimony. At trial, Williams repudiated her pre-trial statements by testifying that although she did intervene in the fight between her mother and the victim, she did not stab the victim. While it is true that Williams' trial testimony conflicted with her pre-trial statements, this conflict does not invalidate charges on the justification defenses of self-defense and defense of others. Even if a defendant pursues alternative defenses, it would be error to refuse to give the requested charges on those defenses if there is evidence to support them. *Calloway v. State*, 176 Ga. App. 674, 679 (4) (337 SE2d 397) (1985); see also *Simmons*, supra at 696. Because Williams pursued the alternative defense theories of self-defense, defense of others and her denial that she even committed the stabbing, and because there was some evidence supporting each of these theories, the trial court erred in refusing to charge the jury on the justification defenses.

Moreover, where there is evidence of mutually exclusive defenses, the jury, as trier of fact, must select between them. See generally *Simmons*, supra; compare *Conner v. State*, 251 Ga. 113, 115 (2) (a) (303 SE2d 266) (1983). In refusing to charge the jury on the justification defenses, the court invaded the province of the jury as the trier of fact by limiting its consideration of the case to the defense theory elicited from Williams at trial.

In this case, the trial court was put in a difficult, if not untenable, position of having to decide whether to charge the jury as requested on the justification defenses when Williams herself gave trial testimony repudiating the defenses.[2] While we recognize that the court's decision not to charge the jury on the justification defenses was understandable in light of Williams' trial testimony, it remains that there was some evidence to support the requested charges. Therefore, it was error to fail to give the charges and Williams' conviction must be reversed. Compare *Conner*, supra.

2. The appellant's remaining enumerations of error need not be addressed in view of our holding in Division 1.

*Judgment reversed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 23, 1993 —
RECONSIDERATION DENIED JULY 8, 1993 —

*Straughan & Straughan, Mark W. Straughan*, for appellant.
*James L. Wiggins, District Attorney, Timothy G. Vaughn, Assis-*

---

[2] Indeed, there has been a suggestion in this case that everyone — the district attorney, the trial judge, and Williams' own lawyer — was taken by surprise by her trial testimony.

*tant District Attorney*, for appellee.