A93A1002. COOK v. THE STATE.
(436 SE2d 61)

JOHNSON, Judge.

Flint David Cook appeals from his convictions for aggravated assault with intent to rape and battery. He also appeals the sentence imposed on the battery count.

1. In his first enumeration of error, Cook asserts that the trial court erred in denying his motion for a directed verdict of acquittal in that the evidence was insufficient to support a conviction on the charge of aggravated assault with intent to rape. We must look to the evidence the trial court had before it at the time the motion for directed verdict was made.

Jane Moxley testified that she met Cook and co-defendant Pacer Taylor, who is not a party to this appeal, at a bar near her home. Taylor asked Moxley to dance. At first, Moxley refused, but she later agreed to dance with him. When Taylor introduced Moxley to his friend, Cook, Moxley realized that both men were deaf. Communicating through hand signals, she invited Cook, Taylor and another friend to share a marijuana cigarette in her car in the parking lot. After smoking one marijuana cigarette the group returned to the bar, where they all continued to drink and socialize. Sometime later, Moxley agreed to smoke another marijuana cigarette with Taylor and Cook. This time they sat in Taylor's pickup truck. Because of a disturbance in the parking lot, Taylor started the engine and began to drive out of the lot. Using hand signals, Moxley asked where they were going, and Taylor indicated that they were driving around the block. Instead, Taylor drove onto an interstate highway. Cook placed his hand on Moxley's leg. Moxley removed his hand, but Cook continued to try to rub Moxley's legs and put his hands between her legs. She pushed his hands away more and more forcefully, and communicated "no" to him. Cook then began hitting Moxley's face and head. Moxley became frightened and pulled at the steering wheel in an effort to stop the truck. The truck swerved off the roadway, and came to a stop. Moxley attempted to escape by climbing across Taylor in order to get out of the truck on the driver's side, but Cook grabbed her hair and started

pulling her out of the passenger side. Taylor kicked her toward Cook, and she fell to the ground. Cook continued hitting and slapping her, and tore off her clothing. He tried to force her to perform oral sex on him, but she pushed him away. At this point in the attack, Moxley testified that she believed she passed out. Her next recollection was seeing Cook standing over her zipping his pants. Taylor then got on top of her and attempted to have sexual intercourse with her. She was easily able to push him away, and, wearing only her tennis shoes, she ran onto the highway. A truck driver stopped, picked her up, and took her to a convenience store to call the police.

"The denial of a motion for directed verdict of acquittal should be affirmed if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations and punctuation omitted.) *Owens v. State*, 204 Ga. App. 579, 581 (3) (420 SE2d 79) (1992). Viewing the evidence in the light most favorable to the jury's verdict, we find the evidence and all reasonable deductions therefrom sufficient to enable a rational trier of fact to find the elements of aggravated assault with intent to rape beyond a reasonable doubt in accordance with the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err in denying Cook's motion for a directed verdict of acquittal.

2. Cook asserts that the trial court erred in charging the jury on the offense of aggravated assault, by reading OCGA § 16-5-21 (a) in its entirety, including portions which were inapplicable to the charge as set forth in Cook's indictment.

"It is generally not error to give an entire Code section in a charge, even though part of the section may be inapplicable to the allegations and the evidence. [Cit.]" *Cottingham v. State*, 206 Ga. App. 197, 198 (2) (424 SE2d 794) (1992). However, "[i]t is error to charge the jury that a crime may be committed by alternative methods, when the indictment charges it was committed by one specific method. If there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the indictment, then the conviction is defective because of a fatal variance between the proof at trial and the indictment returned by the grand jury." (Citations and punctuation omitted.) *Pettway v. State*, 204 Ga. App. 804 (420 SE2d 619) (1992). In its charge, the court instructed the jury as follows: "A person commits aggravated assault when he assaults another person with the intent to murder, rape or rob or with a deadly weapon or with any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."

In this appeal, Cook ignores the clarification of this charge given to the jury shortly after it began its deliberations, in which the court stated: "Earlier, with regard to aggravated assault, there was too

much included, and I want to correct that. A person commits aggravated assault when he assaults another person with intent to rape. . . . Other parts (of the earlier charge) with regard to weapons and that sort of thing are not involved in this case." This recharge made specific reference to the potentially over-inclusive initial charge and eliminated any reasonable possibility that the jury convicted Cook of the crime in a manner not charged in the indictment. Compare *Blige v. State*, 208 Ga. App. 851 (432 SE2d 574) (1993).

3. The trial court sentenced Cook to seven years of incarceration to serve four years in connection with the aggravated assault conviction. He received the same sentence, to run concurrent, on the battery charge. The State concedes, and we agree, that the sentence imposed on the misdemeanor battery count exceeds the maximum 12 months imprisonment penalty for misdemeanor offenses. See OCGA §§ 16-5-23.1 and 17-10-3. Accordingly, we must vacate that portion of the trial court's sentencing order related to the battery conviction only, and remand the case to the trial court for resentencing on the battery count.

*Judgment affirmed. Sentence vacated in part and case remanded for resentencing as to the battery count only. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 21, 1993.

*John H. Tarpley, Melissa M. Nelson,* for appellant.
*J. Tom Morgan, District Attorney, Stacy Y. Cole, Barbara B. Conroy, Assistant District Attorneys,* for appellee.