## A95A2114. ODUM v. THE STATE.
(469 SE2d 394)

BEASLEY, Chief Judge.

After a bench trial, Odum was convicted and sentenced on one count of driving after being declared a habitual violator and after having been notified that his driver's license had been revoked, OCGA § 40-5-58 (c); one count of operating a motor vehicle without insurance, OCGA § 40-6-10 (b); and one count of operating a motor vehicle with an improperly transferred tag, OCGA § 40-2-5 (a) (4).

The sole question is whether the evidence was sufficient to support the conviction under the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence is viewed with all reasonable inferences made, and all issues of weight and credibility resolved, in favor of the verdict. *Jackson v. Virginia,* supra at 319; *Patterson v. State,* 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986). Durden, a state highway patrol officer, testified that he and another officer had established a roadblock on Highway 117 to check licenses. When Odum pulled up to the roadblock he was alone in the car, had no driver's license, and originally gave Durden a false name. After he was arrested for failure to carry a driver's license and proof of insurance, he gave his true name and Durden learned he had been declared a habitual violator.

Odum testified that his son Wrese was originally driving the car, although he was too young to get a license. As they approached the highway from a dirt road near the roadblock, Wrese began to back up to return down the dirt road for more driving instruction. At this point an officer other than Durden pulled up and told them they had to go on to the roadblock. Wrese, nervous about the situation, did not want to drive there so Odum did. There was another occupant of the car, Odum's nephew Mackey, but he was also unlicensed and did not know how to drive. Both Mackey and Wrese, who rode in the car to the roadblock, testified to the same effect.

Even if the court, as trier of fact, found the defense witnesses to be more credible than the officer, the evidence was sufficient to support the verdict. *Jackson v. Virginia,* supra. Odum admitted he drove the car when he knew he was not supposed to do so. He was not

forced to drive; he stated that the officer merely told the occupants of the car they would have to go to the roadblock. All three defense witnesses testified Odum was not designated by the officer to drive.

Odum also argues the evidence establishes the defense of justification, OCGA § 16-3-20 (6), but it was not raised at trial and the evidence does not support it. He contends he was left with no choice but to drive the car himself, but his own actions led him to be one of three persons in a car, in which no one was legally entitled to drive. This is not the sort of emergency faced by the husband of the expectant wife suffering labor pains in *Tarvestad v. State*, 261 Ga. 605 (409 SE2d 513) (1991). Additionally, *Tarvestad* only stated that a jury charge on OCGA § 16-3-20 (6) would be warranted.

The evidence did not establish justification as a matter of law. Even if Odum is permitted to argue justification for the first time on appeal, see *Furfano v. State*, 212 Ga. App. 472, 473 (2) (442 SE2d 305) (1994), it would not aid him. "The trial judge is presumed to know the law ([cit.])[,]" *Windom v. State*, 187 Ga. App. 18, 19 (2) (369 SE2d 311) (1988), and it would have to be concluded he rejected any implied justification defense when he pronounced guilt.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 20, 1996.

*Morris S. Robertson*, for appellant.

*Ralph M. Walke, District Attorney, Jeff J. Conner, Assistant District Attorney*, for appellee.