A96A0223. JONES v. THE STATE.
(470 SE2d 326)

BIRDSONG, Presiding Judge.

Ricky Curtis Jones appeals his conviction of two counts of aggravated assault upon a police officer by shooting at each averred officer with a pistol. He enumerates seven errors. *Held*:

Appellant asserts the trial court erred in failing to charge the jury on his requested charge of justification based on a claim of self-defense, as this was appellant's sole defense. The defense of justification is codified in OCGA § 16-3-20. Among those acts of justification which can give rise to the defense of justification is the use of force in defense of self or others, that is, the defense of self-defense. See generally OCGA §§ 16-3-20 (1) and 16-3-21. "The trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge." *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513); compare *Printup v. State*, 217 Ga. App. 495, 496 (3) (458 SE2d 662). "Even if a defendant pursues alternative defenses, it would be error to refuse to give the requested charges on those defenses if there is [some] evidence to support them." *Williams v. State*, 209 Ga. App. 355, 356 (1) (433 SE2d 361) (alternative justification defenses of self-defense and defense of others). "A trial court, however, need not specifically charge on an affirmative defense when the entire charge fairly presents the issues, including the defendant's theory, to the jury." *Tarvestad*, supra. Examination of the record reveals that the charges to the jury, which included the standard charges listed in *Tarvestad*, supra, failed to present appellant's justification defense to the jury. In fact the trial court, without giving the jury a charge on justification based on a claim of self-defense, instructed that "a person is not justified in using force if that person is attempting to commit, committing, or fleeing after the commission of or attempted commission of a felony." Thus, error occurred unless it appears that appellant was not entitled as a matter of law to a justification defense based on a claim of defense of self.

Although the testimony of the arresting officers and other State

witnesses to the incident contradicted appellant's justification and self-defense claim, appellant nevertheless testified as follows: After being stopped for a traffic offense, the arresting officers ran a radio check, which ultimately reported that appellant was wanted (for felony flight and escape). Appellant heard the radio report and thought he was going to be arrested. To make it easier for himself, appellant voluntarily raised his hands to surrender and announced that he was armed. Appellant was then shot through the elbow or arm. Upon being shot a second time, appellant ran. While running appellant was shot a third time and fell. Appellant saw that one of the officers "had a dead bead" on him; at that point, appellant pulled his gun and fired four times in the direction in which he had been running. He then began to run again and was shot a fourth time. He ran up an embankment, losing his weapon, and sat down by a tree. He awoke in the hospital.

Appellant took out his weapon because he felt a need to defend himself after being shot three times and seeing that an officer had a "dead bead" on him. He fired in the direction he had been running to cause the officers to move so they would not have "such a dead bead" on him, and so he could try to get away. He was not making an escape attempt while running; rather he ran and subsequently shot in front of himself to protect himself. At the time, he feared for his life. In summary, appellant's sole defense was that he was attempting to surrender and, after he raised his hands and told the officers he had a gun in his possession, the officers commenced to shoot him forcing him to run away and fire his weapon up the street to defend himself.

In determining whether some evidence exists to support an instruction, an appellate court is not authorized either to weigh existing evidence or to judge witness credibility as these matters are within the province of the jury. *Horney v. Lawrence*, 189 Ga. App. 376, 378 (3) (375 SE2d 629). Viewed in this light, appellant's testimony provides "some" evidence in support of a charge of justification based on a claim of self-defense.

Before the jury was charged, the trial court elected not to give appellant's justification charge as he was a convicted felon at the time and not authorized by law to possess a firearm. This ruling followed the State's contention that such a charge was not authorized based, by way of analogy, on the holding of this Court in *Tarvestad v. State*, 198 Ga. App. 863 (403 SE2d 446). Not only does our opinion in *Tarvestad* not address this issue affirmatively, our judgment was reversed in *Tarvestad*, 261 Ga., supra. Further, the holding of the Supreme Court of Georgia in *Heard v. State*, 261 Ga. 262, 263, n. 3 (403 SE2d 438) clarifies that the defense of justification is not precluded when otherwise authorized by the evidence merely because a defendant uses a weapon in self-defense while in the status of a convicted

felon. The holding in *Heard*, supra, "allows a convicted felon in possession of a firearm to assert self-defense where that defense is authorized by the evidence." Id. at n. 2. Appellant's defense of justification based on a claim of self-defense was his sole defense and, as above discussed, his testimony provided "some" evidence in support thereof; therefore, an instruction of justification was not only authorized, it was required (*Tarvestad*, 261 Ga., supra). Accordingly, the trial court erred in electing not to charge on appellant's justification defense. *Williams*, supra. Although appellant's testimony is strongly contested by the State, where as in this case, there exists some evidence to support the requested justification charge, it is error to fail to give the charge and the "conviction must be reversed." Id. at 356 (1).

The State further argues, citing OCGA § 16-3-21 (b) (2), that a person is not justified in using force in defense of himself or others if he "[i]s attempting to commit, committing, or fleeing after the commission or attempted commission of a felony." Appellant expressly testified that he was not making an escape attempt while running, but ran north to protect himself after the police commenced to shoot him when his hands were raised in surrender. Whether appellant was fleeing after the commission or attempted commission of a felony was in this case a fact question for jury resolution, as recognized by the trial court in its jury charge regarding this issue. " 'The evidence necessary to justify a jury charge need only be enough to enable one to carry on a legitimate process of reasoning.' " *Williams*, supra at 355 (1).

In view of our disposition of this case, appellant's other enumerations of error are not herein addressed.

*Judgment reversed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MARCH 18, 1996.

*Cynthia A. Price*, for appellant.
*Lewis R. Slaton, District Attorney, Juliette O. W. Scales, Shawn Lagrua, Assistant District Attorneys*, for appellee.