## A97A0231. MILLER v. THE STATE.
### (486 SE2d 368)

RUFFIN, Judge.

Following a bench trial, the trial court convicted Harvis Miller of aggravated assault and felony obstruction of an officer. The trial court sentenced Miller to eight years confinement for the obstruction conviction and eight years to serve concurrently for the aggravated assault conviction. In this appeal, Miller challenges the sufficiency of the evidence for both convictions and the sentence for his obstruction conviction. Because we find sufficient evidence to support both convictions, we affirm the court's judgment. However, because Miller's sentence for felony obstruction exceeds the maximum sentence, we remand only for resentencing.

1. The victim of the aggravated assault was Annie Brown, Miller's sister. Viewed in the light most favorable to support the verdict, the evidence shows that Brown was driving Miller, who was restricted to a wheelchair, to a pawn shop so he could attempt to sell a car jack. Brown testified that they started arguing and she told Miller " 'Well, I'll take you back round here to my mama's house.' " When they arrived at the mother's house, Brown retrieved Miller's wheelchair, pushed it to the car, and he got out. According to Brown,

the following events then transpired: "I went to the trunk to get the jack out, and when I was bent over in the trunk to pick the jack up — I had on a jacket, and he pulled my jacket from the back, snatched me down, and then he start stabbing me. He tried to stab me a lot of times. My daughter, she jumped out the car, and ran and grabbed him by his hair, and pulled him back [sic]."

Although Miller admitted that he stabbed Brown, he contended it was in self-defense. Miller stated that Brown "wouldn't give me my jack out the car. But, when she reached in the trunk, she pulled a broom handle out. Hit me with the broom handle. I said, you ain't gonna hit me with the broom handle no more. . . . [S]he was steady hitting me with the broomstick handle, and I just pulled around the car and threw her down to the ground, and you know, then I had done stabbed her then [sic]."

"As to whether all of the evidence raised any reasonable doubt of the commission of the [aggravated assault] or showed [Miller] acted in self-defense, this is exactly the sort of case where the [factfinder] is best empowered to resolve any conflicts in the evidence and determine the credibility of the witnesses and adjudge the facts. [Cits.]" *Palmore v. State*, 264 Ga. 108 (441 SE2d 405) (1994). The trial judge, sitting as the trier of fact, "chose not to believe [Miller's] testimony that the [stabbing] was in self-defense. [Cit.] The evidence satisfies the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Weems v. State*, 267 Ga. 182, 183 (1) (476 SE2d 585) (1996).

2. We also find there was sufficient evidence to support Miller's conviction for felony obstruction. Viewed in the light most favorable to support the verdict, the evidence concerning this offense shows that Miller was sitting in his car, and Police Officer John Lanneau was investigating him for possibly driving under the influence. When a second officer, Jay Wood, arrived at the scene, "Miller had a tire tool in his hand, and he was trying to hit [Officer Lanneau]." A third officer, Gregg O'Berry, arrived and together they took the tire iron from Miller. Miller then reached under the front seat and pulled out a knife. Officer O'Berry testified: "I told him to put the knife down, that he was going to have to go with us. And, he attempted to cut myself and [the] two other officers. . . . Every advance we made to get him out of the car he would do the same with the knife, just lunge." According to O'Berry, "after awhile we figured he wasn't going to put the knife down, and the next thing we did was sprayed [Miller] with [pepper spray and] . . . [h]e dropped the knife then."

Miller contended that the police officers would not tell him why he was being arrested and that his actions against them were in self-defense. Miller contended that when he opened the back door of his car in an attempt to retrieve his wheelchair, an officer "kicked the

door back closed. My fingers were just in the door and he like to shattered my fingers there. I asked him again, what am I being arrested for? He said never mind that. . . . I was just in self defense [sic]."

The foregoing evidence shows that Officer Lanneau was in the lawful discharge of his official duties when Miller attacked him and the other officers with the tire iron and knife. See OCGA § 16-10-24 (b). Although Miller claimed that the officers slammed the door on his fingers and would not explain what they were investigating, it is evident that the trier of fact believed the officers' testimony rather than Miller's testimony. "In determining evidence sufficiency, this Court does not weigh the evidence or determine witness credibility. [Cit.]" *Dennis v. State*, 220 Ga. App. 420 (2) (469 SE2d 494) (1996). We thus conclude that the evidence was sufficient to enable a rational trier of fact to find Miller guilty of felony obstruction of a law enforcement officer. See id.; *Jackson v. Virginia*, supra. See also *Jackson v. State*, 213 Ga. App. 520 (444 SE2d 875) (1994).

3. We agree with Miller, however, that the trial court's sentence of eight years confinement for the felony obstruction conviction exceeds the maximum permissible sentence. OCGA § 16-10-24 (b) provides that a person convicted of felony obstruction of a law enforcement officer shall "be punished by imprisonment for not less than one nor more than five years." Accordingly, we vacate that portion of the trial court's sentencing order. Furthermore, because the trial court's eight-year sentence for aggravated assault ran concurrent with the obstruction sentence, which properly has a maximum of only five years, that sentence is also vacated. We accordingly remand the case to the trial court for resentencing on both convictions. See *Cook v. State*, 210 Ga. App. 323 (3) (436 SE2d 61) (1993).

*Judgment affirmed. Sentence vacated and case remanded for resentencing. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED APRIL 9, 1997.

Before Judge West.

*Straughan & Straughan, William T. Straughan*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.