A98A0317. WALKER v. THE STATE.
(497 SE2d 12)

Judge Harold R. Banke.

John David Walker was convicted of driving under the influence (less safe to drive) ("DUI"), driving without insurance, and an equip-

ment violation. In his sole enumeration, he challenges the sufficiency of the evidence on the DUI count.

As the arresting officer patrolled a commercial district in his marked car, Walker passed him on the right, traveling approximately 60 mph. When the officer followed, Walker weaved, changed lanes and crossed the centerline in an attempt to pass three vehicles. At that point, the officer activated his lights and Walker stopped. When questioned, Walker admitted he had no license or insurance. After the officer noticed the smell of an alcoholic beverage in the car, Walker also admitted he had consumed several beers. Appearing agitated, Walker refused to perform any field sobriety tests, but agreed to take an alco-sensor test, which registered positive for alcohol. The officer then arrested Walker and took him to the jail for a breath test, in which he gave an inadequate breath sample. *Held*:

The evidence, viewed in the light most favorable to the verdict, was sufficient to permit the jury to find all the essential elements required to establish a violation of OCGA § 40-6-391 (a) (1). *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). That statute prohibits driving while "under the influence of alcohol to the extent that it is less safe for the person to drive." OCGA § 40-6-391 (a) (1). Evidence of an unsafe act is not required to establish this offense, which may be proved by circumstantial evidence. *Apperson v. State*, 225 Ga. App. 804, 805 (2) (484 SE2d 739) (1997).

The arresting officer testified that Walker was speeding, weaved while changing lanes, crossing the centerline, smelled like he had been consuming alcohol and, in fact, admitted such. *Knox v. State*, 216 Ga. App. 90, 92 (453 SE2d 120) (1995); *Grant v. State*, 215 Ga. App. 10, 12 (449 SE2d 545) (1994). This evidence is bolstered by the fact that Walker, after performing ineffectively on his initial breath test and refusing to take another, stated he "just wanted to lay [sic] down." Further, the arresting officer offered his opinion based on his experience in handling DUI cases during his nine-year police career that Walker was under the influence to the point he was less safe to drive. This evidence was sufficient to satisfy the requisites of *Jackson v. Virginia*, supra.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 28, 1998.

*Deborah N. Bedsole*, for appellant.
*Kenneth W. Mauldin, Solicitor, Donna M. Dunn, Assistant Solicitor*, for appellee.