## A98A1109. MOORE v. THE STATE.
### (506 SE2d 685)

Judge Harold R. Banke.

Alfonzo Moore was convicted of terroristic threats, felony obstruction of a law enforcement officer, interference with government property, driving under the influence, reckless driving, driving with a suspended license, failure to provide proof of insurance, lane violations under OCGA § 40-6-48, and two counts of failure to use a turn signal. He enumerates three errors on appeal.

This case arose during the early morning hours when the arresting officer received a radio dispatch that shots had been fired in his vicinity. The only vehicle he observed was a white pickup truck driving through the area. The officer's investigation intensified after he received a report of additional shots and a pedestrian informed him that the shots had been fired from a white Ford pickup truck. When the officer spotted the white pickup lane weaving across the road and turning without signaling, he turned on his lights and siren. At that, the pickup accelerated, made a second turn without signaling, veered onto the wrong side of the road, and pulled up into a nearby driveway. The officer followed the truck into the driveway and ordered the approaching driver and passenger back into the pickup. Instead of obeying, the passenger fled and Moore, the driver, continued toward the officer, yelling profanity. When the officer reiterated his order, Moore again ignored him.

At that point, the officer told Moore he was under arrest and grabbed him. Moore flailed, swung at the officer and pushed him. When pepper spray did not subdue Moore, the officer radioed for backup, which arrived as Moore was fleeing into his residence. Eventually four officers managed to handcuff Moore and force him into the back of a patrol car. Moore continued to swear and threatened to kill the arresting officer. Experiencing the effects of the pepper spray, Moore asked for air, and an officer cracked a window and wiped secretions from Moore's face. Moore then kicked out the cruiser's left rear window. Moore was unable to produce a driver's license or insurance card and refused to take a breathalyzer test. *Held*:

1. Moore maintains the trial court's refusal to give a justification instruction relating to the interference with government property charge requires reversal. *Guest v. State*, 229 Ga. App. 627, 628 (1)

(494 SE2d 523) (1997) (appellants may not enlarge their enumerations through their briefs). We agree.

The requested charge stated, "If you find that the defendant's conduct was justified, this is a defense for prosecution for any crime based on that conduct." This language tracks the pattern charge and OCGA § 16-3-20, which sets forth the circumstances where the defense of justification can be claimed. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 43 (2nd ed. 1991). It is undisputed Moore had high blood pressure and allergies and the pepper spray caused Moore acute respiratory distress. While seated in the cruiser he screamed for air, gagged, and bodily secretions streamed down his face. Although an officer cracked one window a few inches, this brought Moore no relief, and he kicked out the window to ease his symptoms. See OCGA § 16-3-20 (5).

Because Moore presented no other defense to this charge and the evidence supported it, he was entitled to the instruction as it related to the interference with government property charge. *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). Having reviewed the instructions as a whole, we cannot say that they fairly presented this defense to the jury. Thus, the conviction on Count 3 must be reversed. *Jones v. State*, 220 Ga. App. 784, 785-786 (470 SE2d 326) (1996).

2. The trial court properly denied Moore's motion for directed verdict of acquittal on the no proof of insurance charge. Notwithstanding Moore's contention to the contrary, OCGA § 40-6-10 does not require that an officer "request" an insurance card in order to prosecute a driver for no proof of insurance. That statute simply requires owners and operators of motor vehicles to "keep proof or evidence of required minimum insurance coverage in the vehicle at all times." OCGA § 40-6-10 (a) (1). The record shows that no such proof was found in Moore's pickup truck.

3. The evidence, when viewed in the light most favorable to the verdict, was sufficient to permit the jury to find all the essential elements of each crime. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). In analyzing the sufficiency of the evidence, this Court may not reweigh the evidence or determine witness credibility. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994).

(a) The arresting officer testified that Moore threatened to find him and kill him. OCGA § 16-11-37 (a). Several of the back-up officers corroborated this evidence with testimony of Moore's threat. This evidence is sufficient to support the terroristic threats conviction. See *Sampson v. State*, 209 Ga. App. 213, 215 (1) (433 SE2d 136) (1993).

(b) After the officer lawfully placed Moore under arrest and attempted to seize him, Moore flailed, swung at the officer and

pushed him.[1] This evidence fully supported the verdict on the felony obstruction charge. See *Miller v. State*, 226 Ga. App. 133, 134 (2) (486 SE2d 368) (1997).

(c) The evidence was likewise sufficient to establish a violation of OCGA § 40-6-391 (a) (1). While subduing Moore, the arresting officer noticed Moore's slurred speech, red, glassy eyes, his loudness and boisterousness, and the odor of an alcoholic beverage. The officer also testified that he believed Moore was driving under the influence of alcohol to a point that it was less safe to drive. *Walker v. State*, 230 Ga. App. 376, 377 (497 SE2d 12) (1998). Notwithstanding Moore's contention to the contrary, no documentary evidence of intoxication was required. See id.

(d) We also find the arresting officer's testimony that he observed Moore weave across the road was sufficient to sustain the conviction for lane violations under OCGA § 40-6-48. The evidence that Moore drove after consuming alcohol to the extent he was less safe to drive, swerved and veered onto the wrong side of the road due to the excessive speed in which he turned the truck and accelerated after the officer activated his lights and siren showed a sufficient disregard for the safety of the passenger and the arresting officer to support the reckless driving conviction. See *Duggan v. State*, 225 Ga. App. 291, 294 (1) (483 SE2d 373) (1997); *State v. Wright*, 221 Ga. App. 202, 206 (3) (470 SE2d 916) (1996); *Hill v. State*, 207 Ga. App. 65, 66 (1) (426 SE2d 915) (1993). We find, however, that the evidence was insufficient to sustain the convictions for failure to signal due to the lack of evidence that a turn signal was required to alert other drivers in the area to Moore's turn. OCGA § 40-6-123 (a), (b); *Bowers v. State*, 221 Ga. App. 886, 887 (473 SE2d 201) (1996) (physical precedent only).

*Judgments affirmed in part and reversed in part. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 14, 1998.

*Clark & Rogers, Douglas C. Rogers*, for appellant.
*J. David Miller, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.

---

[1] The officer had probable cause to arrest Moore for either the traffic violations or misdemeanor obstruction. Compare *Woodward v. State*, 219 Ga. App. 329, 330 (1) (465 SE2d 511) (1995).