A00A0445. KERSEY v. THE STATE.
(534 SE2d 428)

RUFFIN, Judge.

A jury found Teresa Marie Kersey guilty of driving under the influence, obstruction of a law enforcement officer, fleeing to elude a

---

police officer, no proof of insurance, and failure to stop at a stop sign. Kersey challenges the sufficiency of the evidence. She also contends the trial court erred in denying her motion in limine. For reasons that follow, we affirm in part and reverse in part.

1. In three enumerations of error, Kersey challenges the sufficiency of the evidence. On appeal from a criminal conviction, Kersey no longer enjoys a presumption of innocence, and in reviewing her challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to support the jury's verdict.[1] We will affirm the convictions as long as there is some evidence, even though contradicted, to support each element of the State's case.[2]

So viewed, the evidence demonstrates that, while on patrol on May 1, 1999, Dalton Police Officer Michael Neil saw Kersey driving a van and he recognized her as a habitual violator whose driver's license had been revoked. Neil radioed for assistance and was joined by Officer Greg Bates, who had trainee Mick Holsenbeck in his patrol car. Both Neil and Bates pulled behind the van in their patrol cars, and Neil turned on his flashing lights for Kersey to pull over.

Kersey kept driving, and both Neil and Bates turned on their sirens. Still driving, Kersey motioned for the officers to pass her, and Neil pulled in front of the van. Neil slowed down in an attempt to stop Kersey, but when she almost rear-ended his patrol car, he pulled behind the van again.

As Neil followed Kersey, he watched her drive through two stop signs. Kersey reached her house and pulled into her driveway, and Bates pulled in behind her. Kersey put the van in reverse and rammed Bates' patrol car. She then continued to the top of her driveway and parked.

Neil and Bates followed on foot and ordered Kersey to exit the van. Kersey began cursing at the officers, telling them that "she hadn't done anything." When the officers opened the van door, they noticed a "very strong" odor of alcohol. An alco-sensor test showed that she had alcohol in her system. Neil asked Kersey if she had been drinking, and she responded that she was not drunk, but was on medication. According to the officers, Kersey's speech was slurred, and her eyes were bloodshot.

Neil read Kersey her implied consent rights, and she consented to chemical testing. She was handcuffed, put in the back of Neil's patrol car, and taken to a hospital. At the hospital, Kersey refused to provide urine or blood samples for testing. According to nurse Lynn Richardson, Kersey, who smelled of alcohol, hurled obscenities at the officers and threatened them. Neil testified that Kersey threatened

---

[1] *Enloe v. State*, 239 Ga. App. 513 (1) (520 SE2d 925) (1999).
[2] *Kellibrew v. State*, 239 Ga. App. 783 (1) (521 SE2d 921) (1999).

"to kick [him] in the nuts." Sheriff's Deputy Patrick Hayes, who was working at the hospital as a public safety officer, also testified that Kersey "was using profane and abusive language, [and] making threats toward the police officer." Following this incident, Kersey was indicted for two counts of aggravated assault for ramming the patrol car that Bates and Holsenbeck had exited; two counts of obstruction of a law enforcement officer for ramming the car; driving under the influence; fleeing to elude a police officer; habitual violator; no proof of insurance; and two counts of failing to stop at a stop sign. Kersey pled guilty to the habitual violator charge. The trial court directed a verdict on one count of failure to stop, and the jury found Kersey guilty of one count of obstruction, driving under the influence, fleeing to elude, no proof of insurance, and the other failure to stop charge. The jury acquitted her of the remaining charges.

(a) On appeal, Kersey contends that the evidence was insufficient to support the jury's guilty verdict on obstruction of a law enforcement officer. We disagree. The evidence that Kersey backed her van into Bates' patrol car is sufficient to sustain her conviction for obstruction.[3] At trial, Kersey testified that the poor condition of the van caused it to roll backward and that she did not intentionally ram the patrol car. Thus, she asserts that she cannot be convicted of obstruction. The jurors were aware of Kersey's assertion and the evidence supporting it, but obviously disbelieved it, and we will not reweigh the evidence on appeal.[4]

(b) Kersey also contends that the evidence was insufficient to support her driving under the influence conviction. Again, we disagree. The evidence that Kersey ran a stop sign, failed to stop her car until she reached her house, ran into Bates' patrol car, smelled of alcohol, and was belligerent toward the arresting officers amply supports the jury's verdict.[5]

(c) Kersey contends that the evidence was insufficient to sustain her conviction for no proof of insurance. The burden is on the State to prove beyond a reasonable doubt each element of the offense charged.[6] Accordingly, under OCGA § 40-6-10, the State bears the burden of proving that Kersey did not have proof of insurance coverage in her van. We agree that the evidence was insufficient to prove this offense.

The record does not indicate that any law enforcement officer ever asked Kersey about insurance. We have held that OCGA § 40-6-10 "does not require that an officer 'request' an insurance card in

---

[3] See *Miller v. State*, 226 Ga. App. 133, 134 (2) (486 SE2d 368) (1997).

[4] *Havron v. State*, 234 Ga. App. 413, 414 (1) (506 SE2d 421) (1998).

[5] See *Moore v. State*, 234 Ga. App. 332, 334 (3) (c) (506 SE2d 685) (1998).

[6] OCGA § 16-1-5.

order to prosecute a driver for no proof of insurance."[7] But there must be some evidence from which it can reasonably be inferred that the person charged did not have proof of insurance. Here, there is no such evidence.[8] Although Neil testified that he found an empty prescription bottle in Kersey's purse and a full 12-pack of beer in the van, nothing in his testimony suggests that he was looking for proof of insurance when he found these items or that Kersey ever declined to provide such proof. Accordingly, Kersey's conviction for no proof of insurance cannot stand.

2. Kersey maintains that the trial court erred in denying her motion in limine. Shortly before trial, Kersey pled guilty to the habitual violator charge. She then moved to exclude any evidence that she had been charged with being a habitual violator and to have the indictment redacted to remove that charge. The State argued this charge in the indictment was admissible as part of the "res gestae." The trial court agreed with the State and refused to redact the indictment. On appeal, Kersey argues that presenting the unredacted indictment to the jury was so prejudicial as to warrant reversal.

Pretermitting whether the trial court should have redacted the indictment, we find no cause for reversal. Neil, who testified that he attempted to stop Kersey because he recognized her as a habitual violator, was clearly authorized to testify about this because his testimony explained his conduct.[9] Indeed, although Kersey initially moved to exclude Neil's testimony on this point, she does not challenge its admission on appeal. Under these circumstances, we fail to see how Kersey was prejudiced by the habitual violator charge in the indictment as any such evidence was cumulative of Neil's testimony.[10]

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ellington, J., concur.*

DECIDED APRIL 21, 2000.

*Avrett, Ponder & Withrock, William B. Barnwell,* for appellant.

*Kermit N. McManus, District Attorney, Dixon A. Lackey III, Assistant District Attorney,* for appellee.

---

[7] *Moore,* supra at 333 (2).

[8] Compare id.

[9] See *Barnes v. State,* 163 Ga. App. 62 (1) (293 SE2d 717) (1982) ("circumstances connected with an arrest are admissible as a part of the res gestae").

[10] See *Lewis v. State,* 179 Ga. App. 121, 123 (4) (346 SE2d 70) (1986).