A04A0713. HENDRIX v. THE STATE.

(602 SE2d 133)

SMITH, Chief Judge.

Dwan Hendrix was convicted by a jury of the offenses of aggravated assault and possession of a firearm during the commission of a felony. His motion for new trial was denied. His subsequent appeal to this court was dismissed, but he was then granted leave to file an out-of-time appeal. Hendrix now appeals from the denial of his motion for new trial, raising three enumerations of error, all related to his contention that the trial court erred in giving a sua sponte jury instruction on the theory of self-defense. We find no error, and we affirm.

Construed to support the verdict, evidence was presented showing that Hendrix and K. W. have a child together. On January 12, 1996, Hendrix went to K. W.'s home to pick up the child. K. W. and Hendrix began arguing with one another outside the front door of the home. At one point Hendrix went to his car but returned and slapped K. W. The victim, K. W.'s fiancée, testified that he saw Hendrix strike K. W. The victim "flew downstairs" and began fighting with Hendrix. The victim, "a big guy," pushed Hendrix down, hit him, and jumped on top of him.

Charlotte Carter, who had been waiting for Hendrix inside his car, joined the fight, as did K. W. Carter testified that she tried to pull the victim off of Hendrix but that "the baby's mother . . . pushed me out of the way." Carter returned to the car, and K. W. went into the house to call the police. The victim testified that Hendrix "found a way to get to his side and pulled the gun out." The victim got up and began "running into the house." Hendrix was cursing and threatening to "get" him. The victim testified that Hendrix "pointed the gun; as soon as I closed the door, pow, and I felt a burning sensation and I put my hand on it and there was a handful of blood and I just fell down." The victim told the police at the scene that Dwan Hendrix had shot him.

Carter described the argument between Hendrix and K. W., stating that Hendrix grabbed K. W. around the throat but then went to his car while they were "still passing words." She testified that Hendrix got his gun from the car, placed it inside his jacket, and returned to the front of the house, where he struck K. W. again. After

Carter's involvement in the fray, the victim "got off the top of" Hendrix, "went up the steps," and Hendrix shot through the door. Carter heard the victim "hollering" after the shot was fired.

K. W.'s neighbor witnessed much of the incident from a window in her home. She testified that Hendrix and K. W. talked for a while outside the home and Hendrix began hitting K. W. She saw "a girl in the car and the girl got out of the car, too." The neighbor called 911, and when she returned to the window, she saw the victim throw Hendrix off the porch. She stepped away from her window and heard a gunshot. She returned and saw Hendrix "walking up to the doorway, and then he just stood there and I saw the gun." According to the neighbor, Hendrix "opened the door . . . and I guess he fired a round in there. I had gotten away from the window, then. And then I heard the victim hollering, 'Somebody help me. I've been shot.' "

Hendrix testified that Carter shot the victim and that the witnesses implicating him were lying. Carter unequivocally denied touching or firing the gun.

1. Hendrix argues that because he defended solely on the basis that he did not shoot the victim, the trial court erred in giving a jury instruction on self-defense. He contends that the jury charge constituted "a judicially communicated presumption that [he] had committed the act of shooting the victim" and that the charge amounted to an improper comment on the evidence.

We find no merit in Hendrix's contentions. It is axiomatic "that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. The evidence necessary to justify a jury charge need only be enough to enable one to carry on a legitimate process of reasoning." (Citations and punctuation omitted.) *Williams v. State*, 209 Ga. App. 355 (1) (433 SE2d 361) (1993). Although the jury obviously chose not to believe that Hendrix acted in self-defense, evidence was presented supporting the trial court's charge. The victim was a large man who straddled Hendrix and struck him repeatedly. And even though evidence of conflicting defenses was presented at trial, this did not invalidate the charge on self-defense. "[W]here there is evidence of mutually exclusive defenses, the jury, as trier of fact, must select between them. [Cits.]" Id. at 356 (1). Indeed, a refusal to give a self-defense charge in this case would likely have been error, see id., and we must agree with the State that "had the charge of justification not been given," Hendrix likely "would have appealed on that ground." The trial court was fully authorized to instruct the jury on self-defense, and the charge in no manner constituted an improper comment on the evidence.

2. Hendrix contends that we "should remand this case to the trial court for a hearing on whether [his] initial appellate counsel was ineffective for failing to argue, in a motion for new trial, that his trial

counsel was ineffective for failing to request a mistrial or move for curative instructions after the trial court gave an inapplicable charge on self-defense, thus waiving the issue." Assuming without deciding that this issue has been raised for the first time at the earliest opportunity, we do not agree with Hendrix that remand is necessary. "[W]hen the record is sufficient, as here, an appellate court may decide ineffectiveness issues without remanding the case when the remand would waste judicial and legal resources and serve no useful purpose." (Citation and footnote omitted.) *Laredo v. State*, 253 Ga. App. 155, 157 (2) (558 SE2d 742) (2002). See also *Jones v. State*, 253 Ga. App. 848, 849-850 (2) (560 SE2d 695) (2001). We concluded in Division 1 that the trial court did not err in giving a charge on self-defense. It follows that trial counsel was not ineffective for failing to move for a mistrial or otherwise make a meritless objection to the charge. See generally *Williams v. State*, 276 Ga. 384, 387 (5) (578 SE2d 858) (2003). Remand in this case would be a duplication of judicial resources and would "serve no useful purpose." *Laredo*, supra at 157.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

ON MOTION FOR RECONSIDERATION.

Hendrix has filed a motion for reconsideration arguing that the victim's attack had ended at the time the victim was shot, and therefore that a self-defense charge was not authorized. Again, we find no basis for reversal. As noted in our opinion, evidence was presented that Hendrix pulled out his gun while he and the victim were still fighting. A jury might conclude that the act of firing the gun was but a continuation of the act of using the weapon. More importantly, even assuming, without deciding, that the charge was not warranted, a defendant must show harm as well as error to secure a new trial. *Kervin v. State*, 178 Ga. App. 601, 606 (3) (344 SE2d 441) (1986). Similarly, a defendant alleging ineffective assistance of counsel must show both deficient performance and a reasonable probability that but for the deficiency, a different outcome would have been reached. *Jackson v. State*, 277 Ga. 592, 593 (2) (592 SE2d 834) (2004). The evidence against Hendrix was overwhelming. One eyewitness testified that she saw Hendrix shoot the victim, the victim testified that Hendrix pulled out his gun, and another witness testified that she heard a shot and saw Hendrix standing near the door with a gun. Under these circumstances, we cannot conclude that a reasonable probability exists that the result of the trial would have been different if the trial court had not given a self-defense charge or if trial counsel

had objected to the giving of the charge. The charge was simply "a beneficial gratuity." *Copeland v. State*, 139 Ga. App. 55, 58 (3) (227 SE2d 850) (1976).

DECIDED MAY 12, 2004 —
RECONSIDERATION DENIED JULY 12, 2004 — ▮▮▮▮▮

*Steven E. Phillips*, for appellant.
*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.