A07A1701. IN THE INTEREST OF J. T., a child.

(656 SE2d 580)

ADAMS, Judge.

J. T. appeals from an adjudication of delinquency in connection with two incidents. In the first incident, J. T. was tried and adjudicated delinquent for an act that constitutes the offense of aggravated assault. On appeal, he contends his counsel was ineffective in that he failed to challenge the admission of a purported confession to the police with regard to that charge. In the second incident, J. T. was charged with delinquent acts that constitute the offenses of possession of marijuana (less than one ounce) and shoplifting, and he claims the evidence was insufficient to sustain his adjudication on those charges.

Construed in favor of the judgment, the transcript of the trial shows that a young man approached 55-year-old Barbara Weyl in a store parking lot and said, "give me your purse or I'll slash you." Weyl refused and called out for assistance. An unknown man in the parking lot approached, and the perpetrator turned and walked away. Video cameras recorded people coming in and out of the store, but they did not capture the assault itself. Detective Joseph Toath of the Savannah-Chatham Police Department began an investigation and spoke to the victim.

About one week later, Officer Jennifer Meadows of the same police department personally witnessed J. T. run out of the same store and directly into the arms of two store security personnel, including Roy Bridges. J. T. was in possession of store merchandise, and he was taken to the store security office. At some point, Bridges, who had reviewed the videotape from the day of the assault, began to suspect that J. T. was one of the people shown on the video as coming and going from the store at almost the same time as the assault. He looked at the video and concluded "it was obvious it was him." Bridges then asked J. T. if he was at the store on the day of the assault, and J. T. said yes.

Because Bridges had connected J. T. to the earlier incident, Meadows called Toath who eventually arrived. Toath testified that

when he arrived at the security office, J. T. was "handcuffed in a chair." And a picture taken from the video of the day of the assault was on a computer screen. Toath then "asked [J. T.], right away, to see whether or not he was a suspect. I asked him if he knew the subject on the screen. He said yes, that was him." Toath testified that only then did he read J. T. his *Miranda* rights. Meadows, however, testified that Toath had read J. T. his rights before asking any questions. After hearing his rights, J. T. agreed to talk, and he purportedly admitted to telling "a lady in the Wal-Mart parking lot" to "give me your purse and get in your truck." He added that the woman then said something to a man who walked toward them. At this point, J. T. asked to see his father and an attorney, and all questioning stopped. All of these statements were admitted at trial without objection.

1. On appeal, J. T. contends that his trial counsel failed to take any steps to challenge the admissibility of his statements. But this ineffectiveness claim has been raised for the first time in this appeal; the trial court has not had the opportunity to pass on this issue. J. T.'s trial counsel filed this appeal but came to the conclusion shortly thereafter that he had been ineffective at trial, and he sought to remand the case so the trial court could consider the matter. We denied that motion on the grounds that as the attorney of record, he could not assert an ineffective assistance claim. See *Belt v. State*, 225 Ga. App. 813, 815 (2) (a) (485 SE2d 39) (1997). Later, we granted trial counsel's motion to withdraw, and J. T. now has new appellate counsel who has asserted the ineffectiveness claim for the first time.

Normally, claims for ineffective assistance of counsel raised for the first time on appeal are remanded to the trial court for an evidentiary hearing. *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). But "[w]hen the record is sufficient, . . . an appellate court may decide ineffectiveness issues without remanding the case when the remand would waste judicial and legal resources and serve no useful purpose." (Citation omitted.) *Hendrix v. State*, 268 Ga. App. 455, 457 (2) (602 SE2d 133) (2004). *Marcello v. State*, 220 Ga. App. 284, 285 (469 SE2d 252) (1996).

In this case we believe that a remand would serve a useful purpose. A case can be made for the proposition that trial counsel should have filed a motion to suppress or otherwise objected to the admission of J. T.'s statements. There is no question that J. T. was under arrest at the time Toath entered the store security office. The State admits as much. The State, however, claims that J. T. was only a suspect in the shoplifting case at that moment, and that therefore one or two questions about the assault did not violate *Miranda*. But the facts show that J. T. was under suspicion for the assault at the time of his statements. And Toath's question to J. T. cannot be characterized as a part of a general on-the-scene investigation or an

attempt to assess danger; rather it was "aimed at obtaining information to establish a suspect's guilt," which is the type of information protected by *Miranda*. See *State v. Overby*, 249 Ga. 341, 343 (2) (290 SE2d 464) (1982). See also *Smith v. State*, 264 Ga. 857, 860 (3) (452 SE2d 494) (1995) ("words or actions" . . . "reasonably likely to elicit an incriminating response from appellant"). Furthermore, without J. T.'s statements, the case turns on the victim's identification of J. T., and she was unable to pick him out of a photographic lineup and gave inaccurate descriptive information about him at trial. Based on the record before us, we cannot eliminate the possibility that the result of the proceeding would have been different if a motion to suppress had been granted. Finally, without a hearing we have no record before us regarding trial counsel's strategy regarding the matter.

We therefore "remand the case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel." *Smith*, 255 Ga. at 656 (3). See, e.g., *Norman v. State*, 208 Ga. App. 830, 833 (3) (432 SE2d 216) (1993).

2. J. T. also contends the evidence was insufficient to support the adjudication of delinquency based on the commission of shoplifting; he entered an admission on the charge of possession of marijuana. J. T. contends the State failed to establish ownership of the items found in J. T.'s possession or that they had been stolen. But Meadows testified that J. T. was found in the possession of store merchandise. Moreover, any possible failure to produce additional evidence can be attributed to J. T. Before the trial began, J. T.'s counsel stated, "Your Honor, my client is going to enter an admission to the possession of marijuana and the theft by shoplifting." See *White v. State*, 278 Ga. 355, 357 (2) (602 SE2d 594) (2004) (party cannot complain of error induced by own conduct).

*Judgment affirmed and case remanded with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 23, 2008.

*Jimmonique R. Rodgers*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jeffrey S. Hendrix, Assistant District Attorney*, for appellee.