**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 15, 2016**

# In the Court of Appeals of Georgia

A16A0326. HAYNES v. THE STATE.                    RI-012 C

RICKMAN, Judge.

Darryl Haynes was tried by a jury and convicted of abuse of an elder person and false imprisonment. On appeal, Haynes contends that the trial court erred in failing to instruct the jury on justification as to the charge of false imprisonment. For the reasons that follow, we affirm.

On appeal, "[w]e view the evidence . . . in the light most favorable to the verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility but only determine if the evidence is sufficient to sustain the convictions." (Citation omitted.) *Hill v. State*, 243 Ga. App. 614 (533 SE2d 779) (2000); see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the evidence showed that the victim, Haynes's elderly mother, suffered from late-stage dementia and early Alzheimer's disease. The victim resided at a nursing and rehabilitation center until Haynes discharged her from the facility. At the time he did so, he told a center worker that he needed her Medicaid funds to cover household expenses. A social worker at the center was concerned that the victim would be in an unsafe environment with Haynes and she made a referral to adult protective services.

After her discharge from the center, a home health aide initially cared for the victim in her home three times a week but, at some point, the visits were reduced to twice a week. On one of her visits to the victim's home, the health aide noticed bruising on the victim's arm and observed that her arms were tied to the rails of a hospital bed with something similar to an ACE bandage. The health aide also saw bruising on the victim's legs, inner thighs, and back. Haynes told the health aide that the victim's bruising was caused by him "beating" her the day before, and that he beat the victim for "yanking down the curtains . . . like she used to beat me when I was a child for yanking down the curtains." When the health aide got ready to leave, she put the victim in her wheelchair and pushed her to the front of the house for breakfast. Haynes told the health aide that she should put the victim back in the bed because he

2

didn't have time to watch her all day. When the health aide left the victim's home, she called her supervisor to report what took place on her visit.

A police supervisor responded to the victim's home and found the victim lying in a hospital bed with her arms tied to the rails. The victim was examined by a physician who found that the victim had bruising on the left side of her chest, on both thighs, and appeared to be in pain. The doctor testified that it would be unlikely for the victim's injuries to be caused by falling out of the bed.

Haynes testified that he restrained the victim but claimed that it was for her safety.

The grand jury returned an indictment charging Haynes with abuse of an elder person and false imprisonment.[1] Haynes was tried by a jury and found guilty of both crimes. Haynes timely filed a motion for new trial, which was denied. It is from this order that Haynes now appeals.

Haynes contends that the trial court erred in failing to instruct the jury on justification. Relying on *Tarvestad v. State*, 261 Ga. 605 (409 SE2d 513) (1991),

---

[1] Haynes was also charged with obstruction of an officer but that charge was later nolle prossed.

Haynes argues that the failure to give the charge was error because his sole defense to the false imprisonment charge was justification.

"Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." (Citations and punctuation omitted.) *Moon v. State*, 244 Ga. App. 443, 446 (3) (535 SE2d 771) (2000).

> [T]his Court [has] determined that in cases where the high court found that a justification charge was appropriate, a common thread in all of the examples noted by the Supreme Court is that the actor had a *duty* to act in regard to others. We find it highly unlikely that, absent an *immediate* need for action, a justification charge would be authorized. A premise underlying all the defenses specified in OCGA § 16-3-20 is that the defendant faced circumstances created by external events that *demanded prompt, if not immediate, action*.

(Citations and punctuation omitted; emphasis in original.) *Isenhower v. State*, 324 Ga. App. 380, 384-385 (2) (750 SE2d 703) (2013).

"In *Tarvestad*, the husband, convicted of being an habitual violator, had orally requested the charge on justification where he had been driving his pregnant wife, in labor and unable to drive, to the doctor. No other options for Tarvestad were suggested by the evidence." *Moon*, 244 Ga. App. at 446 (3). In this case, by contrast, Haynes could have taken his mother back to the nursing center, called and requested

4

assistance from the home health aide, or called 911. See generally id. (in a theft case trial court did not err in failing to give justification charge when defendant's decision to take a truck was not the only option available to him; defendant was offered help by a bystander, which he refused, and he could have called 911); see also *Isenhower*, 324 Ga. App. at 384-385 (2) (in a criminal trespass case, failure to give justification charge was not error when defendant had been banned from her son's school by her own actions and there was no evidence that her need to advocate for her son's welfare was so immediate that she needed to go onto the school campus in violation of the ban); *Odum v. State*, 220 Ga. App. 263-264 (469 SE2d 394) (1996) (defendant not entitled to jury charge on justification where his own actions, in a non-emergency situation, led him to be one of three unlicensed occupants of a car when he chose to drive that car to a police roadblock).

Here, the victim was living with Haynes because of his own actions in discharging her from the nursing center. Haynes chose to be the victim's care giver. There is no evidence that indicates that the victim was in such immediate danger that he had to tie her to her bed instead of utilizing other options that were available to him. Thus, the trial court did not err in failing to instruct the jury on justification under these circumstances.

5

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur.*