## 73186. LAYMAC v. THE STATE.
(353 SE2d 559)

BEASLEY, Judge.

Laymac appeals from the conviction of two counts of homicide by vehicle in the second degree by reason of driving on the wrong side of the road (OCGA §§ 40-6-393 (b) and 40-6-40), driving too fast for conditions (OCGA § 40-6-181), and speeding (OCGA § 40-6-181).

1. He asserts that the trial court improperly commented on the evidence when it charged the jury: "Jurors, in regard to the photographs that have been entered into the evidence in the case, I charge you that it is difficult and often impossible to obtain a photograph of a scene of an alleged occurrence with precise exactness prevailing." The gist of appellant's argument is that by giving this charge, the court in essence asked the jury to excuse the state from failing to produce what he contends was a critical photograph. This was harmful comment on the evidence, he says, because he concentrated a substantial portion of his defense on the fact that the state did not produce any photograph of the alleged "yaw mark" from his vehicle, which according to testimony is a mark left by a rotating tire when the rear of the vehicle begins to track outside the front of the vehicle in a tight turn, causing the rotating tire's side wall to scrub the pavement.

It is reversible error for a judge in a criminal case to express or intimate an opinion as to jury issues. OCGA § 17-8-57. "In order to determine whether a trial court has improperly expressed an opinion in its charge as to what has or has not been proved, the whole charge

may be considered. [Cits.] OCGA § 17-8-57 is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be. [Cits.]" *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704) (1986).

To begin with, even if we were to consider the objected-to portion of the court's charge in isolation from the charge as a whole, we cannot accept appellant's contention that the charge instructed the jury to excuse or overlook any failure by the state to produce a photograph of the subject yaw mark. The plain language of that part of the charge merely reminded the jury of what common sense under the circumstances would dictate. Secondly, the statement related to photographs admitted in evidence and not to any omission or absence of photographs. Thirdly, the caveat related equally to the state's and defendant's evidence, as both relied on photographs.

Considering the charge as a whole, the objected-to portion was balanced by the court's further charging: "For this reason I charge you that photographs can be useful in a case like this for the purpose of illustrating the alleged occurrence at the time and place it occurred. In considering the photographs that are in evidence, recall all of the evidence and consider to what extent the photographs do illustrate the alleged occurrence that took place. Consider any change that might have taken place in the scene from the time of the alleged occurrence until the time that the photographs were taken, if any. Consider any change in the light or darkness, the addition or omission of any object or any persons in the photographs not existing at the time of the alleged occurrence. Take all of this into consideration and consider the photographs only as they illustrate the situation as it existed at the time of the alleged occurrence. *The Court does not intimate to you that there was an occurrence or that the photographs that are in the evidence establish any fact that is in issue in the case.*" (Emphasis supplied.)

We find no violation of OCGA § 17-8-57. *Mullinax v. State*, supra.

2. Appellant further contends that the trial court committed reversible error when it failed to charge the jury on the defense of misapprehension of fact, i.e., OCGA § 16-3-5. He maintains that from the evidence elicited at trial the jury would have been able to draw the inference that he lost control of his vehicle as a result of the sudden emergency of being run off the road by an on-coming vehicle or as the result of a misapprehension that he was confronted with an on-coming vehicle.

To begin with, there was no suggestion by the defendant in testimony at trial that the fatal collision occurred because he was run off the road by an on-coming vehicle or by his perception that he was confronted by an on-coming vehicle. In fact, Laymac testified that the

last thing he could remember of the night of the collision was going by a lake which was approximately one half mile from the wreck. He bases his argument partially on the testimony of his passenger, Patterson, who testified that a car was coming towards them straddling the centerline, that both cars swerved to avoid collision, and that the collision occurred when Laymac's car went out of control. The other part of the argument is that there was corroboration that he was run off the road by what appeared to be an on-coming car from a tape recording made by one Reaid. Right after the accident, Patterson ran to Reaid's home across from the collision scene to call for help. Reaid had a tape recorder on and certain statements by Patterson were recorded, including Patterson's observation that he and Laymac had been run off the road by an on-coming vehicle.

Was this enough to require a charge on OCGA § 16-3-5? Even if we accept *arguendo* that Patterson's testimony and tape recorded comments of alleged misapprehension by *him* were sufficient to raise a question of misapprehension of fact on the part of *Laymac* even in the face of Laymac's total lack of recall of the event, it is clear that such was not defendant's sole defense. "[F]ailure to instruct on that principle as enunciated in OCGA § 16-3-5 constitutes reversible error only when it is the defendant's sole theory of defense. [Cits.]" *Carswell v. State*, 171 Ga. App. 455, 461 (5) (320 SE2d 249) (1984). Here defendant pursued other defenses of good character and misfortune or accident. Moreover, the incident as portrayed by Patterson, rather than raising the spectre of misapprehension of fact, raised the possibility of accident, which principle was charged. OCGA § 16-2-2.

The trial court's refusal to charge OCGA § 16-3-5 under the circumstances presents no basis for reversal.

3. Lastly, appellant maintains that the trial court erred by charging: "Jurors, if you believe beyond a reasonable doubt that the Defendant, James Robert Laymac, did commit the offense of homicide by vehicle in the first degree as alleged in the bill of indictment as to the two counts, then it would be your duty to find the Defendant guilty. In that event the form of your verdict would be: We the jury find the Defendant guilty as charged.

"If you do not believe the Defendant is guilty beyond a reasonable doubt of the offense of homicide by vehicle in the first degree, then you must acquit him; and in that event the form of your verdict would be: We the jury find the Defendant not guilty. . . ."

a) Laymac contends that such instruction suffers from a similar infirmity as that criticized in *Salisbury v. State*, 221 Ga. 718, 719 (2) (146 SE2d 776) (1966), in that it instructed the jury that it would be its duty to find the defendant guilty if the state's evidence proved the material allegations of the indictment beyond a reasonable doubt, i.e., restricting the "jury to a consideration of the State's evidence." Id. at

719 (2).

Considering the court's charge in its totality, *Johnson v. Zant*, 249 Ga. 812, 818 (9) (295 SE2d 63) (1982), the jury was in no manner restricted to a consideration of the state's evidence. The court specifically charged, *inter alia* that: "If after giving consideration to the case, all the evidence that's been presented in the case, and all the facts and circumstances of the case your minds are wavering or unsettled or unsatisfied, then that is the doubt of the law and you should acquit. If that doubt does not exist in your minds as to the guilt of the defendant then you should convict." Furthermore, as to the implication in appellant's argument that the jury was erroneously told it was its duty to convict if guilt was proven beyond a reasonable doubt, the jury's duty to convict in such a situation is a correct statement of the law. *Cargill v. State*, 255 Ga. 616, 642 (30) (d) (340 SE2d 891) (1986).

b) Appellant further argues that before charging the lesser included offenses, the court did not charge the jury on the doubt of the law, resulting in the jury's not having the benefit of the crucial instruction in regard to the lesser included offenses. This, he says, was extremely important in light of the fact that he was convicted of two counts of the lesser included offense of vehicular homicide in the second degree.

Again, the charge must be considered as a whole, *Johnson v. Zant*, supra, and it is clear that the court fully instructed the jury on the issues of burden of proof, reasonable doubt, and the presumption of innocence. There was no requirement that the court repeat such instructions specifically before mention of the lesser included offenses nor was there any request by defendant that it do so. *Brownlee v. State*, 155 Ga. App. 875, 876 (3) (273 SE2d 636) (1980).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JANUARY 23, 1987 —
REHEARING DENIED FEBRUARY 11, 1987.

*Hylton B. Dupree, Jr., A. Gregory Poole*, for appellant.
*Thomas J. Charron, District Attorney, Thomas A. Cole, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.