## A92A0353. JOHNSON v. THE STATE.
### (419 SE2d 96)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of rape. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. The trial court's refusal to give appellant's written request to charge on the defense of mistake of fact is enumerated as error.

Under controlling Supreme Court authority, appellant's reliance upon defenses in addition to mistake of fact would not be a valid ground for refusing his written request to charge on that defense. *Adcock v. State,* 260 Ga. 302 (392 SE2d 886) (1990). Accordingly, the State's reliance upon decisions of this court which hold to the contrary, such as *Laymac v. State,* 181 Ga. App. 737, 738 (2) (353 SE2d 559) (1987), is misplaced. If the evidence authorized a charge on mistake of fact, it would be error to fail to give it.

Appellant urges only that he was "mistaken" as to whether the victim had consented to engaging in sexual intercourse with him. Under the evidence, however, the victim either eventually consented and was not thereafter forcibly raped or she never consented and was thereafter forcibly raped. There is no construction of the evidence which would authorize a finding that, although the victim had never consented, appellant nevertheless acted in the reasonably mistaken belief that she had. Moreover, "the jury found the appellant guilty of forcible rape, after proper instruction by the trial court. The element of force negates any possible mistake as to consent. This enumeration [regarding the failure to charge on mistake of fact] has no merit." *Lamar v. State,* 243 Ga. 401, 403 (6) (254 SE2d 353) (1979).

2. Appellant asserts that, in two instances during closing argument, comments made by counsel for the State impermissibly shifted the burden of proof. The denial of motions for mistrial based upon these two instances is enumerated as error.

The record demonstrates that, in one of the instances, "[t]he trial court immediately and forcefully . . . instructed the jury [as to the correct placement of the burden of proof]. 'The extent of a[n] . . . instruction is within the discretion of the court[.] . . .' (Cit.) We can-

not say that [the trial] court abused its discretion in refusing to grant a mistrial in this case." *Love v. State,* 173 Ga. App. 85, 86 (3) (325 SE2d 449) (1984).

The record further demonstrates that, in the other instance, the motion for mistrial was properly denied on the ground that the closing argument of counsel for the State did not constitute a burden-shifting comment. " 'We view the remarks to be a permissible comment on [appellant's] failure to adduce evidence rebutting the State's evidence. [Cits.]' [Cit.] This enumeration is without merit." *Williams v. State,* 200 Ga. App. 84, 86 (3) (406 SE2d 498) (1991). See also *Bell v. State,* 180 Ga. App. 170 (2) (348 SE2d 712) (1986).

3. "Construing the evidence in the light most favorable to sustain the verdict, we hold that the evidence was sufficient to convince a rational trier of fact that [appellant] was guilty beyond a reasonable doubt. [Cit.]" *Cherry v. State,* 199 Ga. App. 879, 880 (2) (406 SE2d 531) (1991). Accordingly, appellant's enumeration on the general grounds is without merit.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED MAY 8, 1992 —
RECONSIDERATION DENIED MAY 29, 1992 — 

*James A. Yancey, Jr.,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, Kevin R. Gough, Assistant District Attorney,* for appellee.