## A04A0684. FOWLER v. THE STATE.
(600 SE2d 756)

MILLER, Judge.

A jury found Bernard Fowler guilty of robbery by intimidation. Following the denial of his motion for new trial, Fowler appeals, arguing that the trial court erred in (1) denying his motion to strike a juror for cause, and (2) failing to give his requested jury instructions on justification. Having reviewed both of these enumerations carefully, we discern no error and affirm.

The evidence showed that the victim was standing outside a club and having a conversation with a woman when Fowler walked up, interrupted the two, and threatened the victim. Fowler then assaulted another man with a stick, and the victim ran. Fowler chased the victim and took his wallet, keys, lighter, and transit card.

1. Fowler argues that the court abused its discretion in failing to strike a potential juror on the ground that such juror expressed strong views about drug and alcohol use, and about the criminal justice system, and therefore could not be fair and impartial. "Whether to strike a juror for cause is within the discretion of the trial court and the trial court's rulings are proper absent some manifest abuse of discretion." (Citation omitted.) *Greene v. State*, 268 Ga. 47, 50 (485 SE2d 741) (1997).

During voir dire, the juror was asked about his opinion concerning drug and/or alcohol use. The juror stated that "if the drug use were to be illegal drug use, in [his] opinion a person who engages in that sort of illegal activity may have a propensity to engage in other illegal activity." The juror further stated that he had strong views about the criminal justice system and that recent high-profile cases "[have] led [him] to formulate an opinion . . . that guilty people have walked. . . ." However, when asked by the court and counsel whether he could put his opinions aside, follow the court's instructions, and render a fair verdict, the juror responded affirmatively.

"Before a juror is excused for cause, it must be shown that he or she holds an opinion of a defendant's guilt or innocence that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence and the court's instructions." (Footnote omitted.) *Head v. State*, 276 Ga. 131, 133 (2) (575 SE2d 883) (2003). As the juror's opinion here about Fowler's guilt or innocence was not so fixed and definite that it would have prevented him from adjudicating the case based upon the evidence and the trial court's jury charge, the trial court properly declined to strike the juror for cause. See *Miller v. State*, 275 Ga. 730, 736-738 (5) (571 SE2d 788) (2002).

Fowler's further argument that the juror could not be impartial (due to a distracting work conflict), does not change the result. Although the juror admitted that he would be distracted because he had an upcoming deadline at his place of employment, "the decision of whether to excuse a juror because of a potential hardship is within the discretion of the trial court." (Citation omitted.) *Wilson v. State*, 220 Ga. App. 487, 489 (1) (469 SE2d 516) (1996). Here, the juror explained that serving on the jury would be an inconvenience rather than a hardship, because he had a deadline the following Monday. Under these circumstances, we find no abuse of discretion in the trial court's refusal to excuse the juror.

2. In his second enumeration, Fowler argues that the court erred in failing to give a jury instruction on his sole defense of justification. Fowler claims that he gave the victim $6 to purchase some marijuana, but after he realized that the victim wanted to have sex with him, he demanded his money back and the victim refused. Fowler claimed that after a shoving match with the victim, he took the victim's wallet (and transit card) to retrieve his $6.

It is well settled that the "[f]ailure to instruct the jury on a defendant's sole defense is reversible error, even when the defendant does not request the charge." (Citation omitted.) *Priester v. State*, 249 Ga. App. 594, 596 (1) (a) (549 SE2d 429) (2001). However, "even regarding a sole defense, a charge is not mandated without some evidence to support it." (Punctuation and footnote omitted.) *Grant v. State*, 257 Ga. App. 678, 681 (1) (c) (572 SE2d 38) (2002). Here, Fowler cannot claim that he was justified in taking the victim's wallet, keys, lighter, and transit card when he only sought the return of $6. See *Booker v. State*, 157 Ga. App. 872, 874-875 (1) (278 SE2d 745) (1981) (appellants' argument that they were justified in taking money for adulterated marijuana they purchased for $5 the previous day was without merit, as they admitted to taking more than $5). The court did not err in failing to instruct the jury on justification.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 4, 2004.

*Torris J. Butterfield*, for appellant.
*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.