## S06A0069. MURPHY v. THE STATE.
### (625 SE2d 764)

CARLEY, Justice.

Reginald Murphy and Damien Chapman were tried jointly for the felony murder of Chapman's mother. They were found guilty and sentenced to life imprisonment, but their convictions were reversed on appeal. *Chapman v. State*, 273 Ga. 865 (548 SE2d 278) (2001).

They were retried, and again found guilty of felony murder. Murphy appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.[1]

1. Murphy does not enumerate the general grounds. However, we have conducted an independent review of the record and transcript which shows the existence of sufficient evidence to authorize a rational trier of fact to find proof beyond a reasonable doubt of his guilt of felony murder during the commission of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Chapman v. State*, supra at 867 (1).

2. Pursuant to Murphy's request, the trial court charged the jurors that they could not base a conviction merely upon a "grave suspicion" of his guilt. See *Quintana v. State*, 276 Ga. 731, 735 (6) (583 SE2d 869) (2003). After giving that instruction, the trial court continued as follows: "A person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by apprehension. Excuse me, this is an incorrect charge. I'll ask you to disregard this charge."

Murphy contends that, by instructing that "this charge" should be ignored, the trial court erroneously removed the "grave suspicion" principle from the jury's consideration and thereby deprived him of its benefit. However, the trial court indicated that it was referring to "an incorrect charge." The only instruction which meets that definition is the one immediately preceding the comment, which informed the jurors that an act or omission induced by "apprehension" would not authorize a finding of guilt. That charge was a misstatement of the defense of mistake of fact, which provides that guilt cannot be predicated upon an act or omission induced by a factual "misapprehension" which, if true, would have justified the act or omission. OCGA § 16-3-5. Mistake of fact is an affirmative defense, and is separate and distinct from the rule of "grave suspicion." See OCGA § 16-3-28. That defense was not applicable here, because Murphy did not admit participation in the murder and, in fact, denied any involvement. Clearly, the trial court did not err by removing from the jury's consideration an incorrect statement of the inapplicable defense of mistake of fact.

---

[1] The homicide was committed on or before August 12, 1997. On October 16, 1997, the grand jury returned an indictment charging Murphy and Chapman with murder. The guilty verdict at the retrial was returned on May 28, 2003 and, on that same day, the trial court entered the judgment of conviction and imposed the life sentence. Murphy filed a motion for new trial on May 30, 2003, which the trial court denied on July 18, 2005. He filed a notice of appeal on August 9, 2005, and the case was docketed in this Court on September 12, 2005. The appeal was submitted for decision on November 7, 2005.

The trial court did not specifically identify mistake of fact as the subject of the withdrawn instruction. However, the reference was to "this charge," and the immediate topic was the inapplicable mistake of fact defense, not the "grave suspicion" principle. " ' " '[I]t is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required. (Cit.)' (Cit.)" (Cit.)' [Cit.]" *Mitchell v. State*, 225 Ga. App. 26, 29 (2) (482 SE2d 419) (1997). The instruction on "grave suspicion" preceded that related to mistake of fact, but a juror of ordinary understanding would not construe the withdrawal of "this charge" as a reference to any instruction other than that which the trial court was addressing at the time.

Moreover, immediately following the direction to disregard "this charge," the trial court instructed the jury that neither Murphy's mere presence at the scene of a crime nor his association with a person who committed the offense would authorize his conviction. This charge was adjusted to Murphy's own testimony, wherein he admitted that he was at the apartment where the murder took place and that, although he knew Chapman, he did not participate in the murder. Thus, the jury did receive an instruction which was not only applicable to his denial of any involvement in the crime, but which also was "a more specific application of the rule on mere suspicion. [Cit.]" *Wilson v. State*, 271 Ga. App. 359, 363 (2) (c) (609 SE2d 703) (2005). When viewed as a whole, the charge fully and fairly instructed the jury on Murphy's presumption of innocence, the State's burden of proving guilt beyond a reasonable doubt and the type of evidence that was required to satisfy that evidentiary burden. Under these circumstances, there is "no reasonable probability that an additional charge on mere suspicion or speculation would have produced a different outcome at trial." *New v. State*, 270 Ga. App. 341, 345 (2) (a) (606 SE2d 865) (2004).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 17, 2006.

*Virginia W. Tinkler*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.