## S10G1354. PRICE v. THE STATE.

(712 SE2d 828)

MELTON, Justice.

In *Price v. State*, 303 Ga. App. 589 (693 SE2d 826) (2010), the Court of Appeals upheld Robert Price's convictions for burglary and criminal trespass, and further held that the trial court did not err in failing to charge the jury on Price's sole defense with respect to the crime of burglary — mistake of fact.[1] We granted review to determine whether the Court of Appeals properly found no error in the trial court's failure to charge the jury as to the defense of mistake of fact. For the reasons that follow, we reverse.

1. Viewed in the light most favorable to the jury's verdict, the record reveals that Price was caught inside a ransacked home by the homeowner's daughter, who testified that she heard Price rummaging in the kitchen. At trial Price asserted that he entered the home through an unlocked door because he thought he saw "for sale by owner" and "open house" signs posted in front of the home and was assisting his mother in looking for a house. Two other men, who were with Price, testified that they too saw "for sale" and "open house" signs. Nevertheless, the jury apparently rejected this testimony and found Price guilty of burglary and criminal trespass.

The evidence outlined above was sufficient to enable a rational trier of fact to find Price guilty of all the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Dean v. State*, 273 Ga. 806, 807 (546 SE2d 499) (2002) ("[R]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court") (citation and punctuation omitted); OCGA § 24-4-6 (conviction based on circumstantial evidence authorized where proved facts are consistent with the hypothesis of guilt and exclude every other reasonable hypothesis save that of the guilt of the accused).

2. "The trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge. [Cits.]" *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). With respect to the affirmative defense of "mistake of fact,"[2] "[a] person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission." OCGA § 16-3-5. Because mistake of fact is an affirmative

---

[1] Price makes no argument to challenge his conviction for criminal trespass on appeal.

[2] *Murphy v. State*, 280 Ga. 158, 159 (2) (625 SE2d 764) (2006) ("Mistake of fact is an affirmative defense").

defense, even if it was not Price's sole defense,

> [i]f [the] defense [was] raised by the evidence, including the defendants' own statements, the trial court [would have been required to] present the affirmative defense to the jury as part of the case in its charge, even absent a request. The affirmative defense, however, [would not have to] be specifically charged if the case as a whole [had been] fairly presented to the jury.

(Citation omitted.) *Booker v. State*, 247 Ga. 74 (274 SE2d 334) (1981). See also *Tarvestad*, supra. Accordingly, if, in connection with his defense to burglary, Price presented evidence that the act that he committed that would have otherwise constituted burglary was induced by a misapprehension of fact that would have made him innocent of the charged offense, the trial court was required to charge the jury on "mistake of fact" unless the charge given otherwise fairly presented all of the issues to the jury. See *Tarvestad*, supra; OCGA § 16-3-5.

"A person commits the offense of burglary when, [1] without authority and [2] with the intent to commit a felony or theft therein, he [3] enters or remains within the dwelling house of another." OCGA § 16-7-1 (a). Here, Price repeatedly and consistently testified that he saw "for sale" and "open house" signs that led him to believe that he was authorized to enter the house. He also testified that he entered the house through an open door and spoke with his mother on the phone about buying the house while he was examining the inside of the house. Two other witnesses testified about the "for sale" and "open house" signs as well. Because Price presented evidence that he acted under a misapprehension of fact which, if true, would have justified his entry into the house and would have authorized the jury to acquit him of burglary, the trial court was obligated to charge the jury on mistake of fact unless the charge given otherwise fairly presented this issue to the jury. See, e.g., *Tarvestad*, supra.

The Court of Appeals concluded that a charge on mistake of fact was not authorized by the evidence because (1) Price denied having any intent to commit a theft inside the house, and "[o]ne cannot deny committing an act, while at the same time argue he committed the act by mistake" (*Price*, supra, 303 Ga. App. at 592 (3), citing *Williams v. State*, 221 Ga. App. 296, 297 (1) (471 SE2d 258) (1996)); and (2) due to the fact that "Price admitted to being inside the victim's house, his defense went to the intent element of the burglary charge . . . [and] [t]his defense was fairly covered by the jury instructions." Id. As explained more fully below, however, the Court of

Appeals' reasoning is flawed.

The Court of Appeals' conclusion that a mistake of fact charge was not authorized in light of Price's denial of having any intent to commit a theft while inside of the house is incorrect. Because Price's defense was based on the idea that he was authorized to enter the house as an interested buyer, and because this authorization alone would have eliminated one of the essential elements of burglary that the State was required to prove, Price's intent after he entered the house was irrelevant to his mistake of fact defense to burglary. See *Gray v. State*, 158 Ga. App. 582 (2) (281 SE2d 328) (1981) (burglary conviction reversed for failure to charge jury on mistake of fact where defendant testified he was inside the diner after hours because his car broke down, he saw the door was open, and thought someone was inside); *Henderson v. State*, 141 Ga. App. 430 (4) (233 SE2d 505) (1977) (mistake of fact instruction required where defendant's defense was that he entered the store he was accused of burglarizing "thinking it was open and tried subsequently to leave but was unable to because the door had locked"). See also *High v. State*, 153 Ga. App. 729 (4) (266 SE2d 364) (1980). Indeed, Price was not required to admit to having any intent to steal anything in the house in order to assert his mistake of fact defense, as the element of the crime being negated by his mistake of fact defense had nothing to do with whether or not Price had an intent to steal once he was inside, but only whether he was authorized to "enter[ ] . . . the dwelling house" in the first place. OCGA § 16-7-1 (a). See also, e.g., *Gray*, supra; *Henderson*, supra; *Jones v. State*, 263 Ga. 835, 839 (2) (439 SE2d 645) (1994) ("Mistake of fact is a defense to a crime to the extent that the ignorance of some fact negates the existence of the mental state required to establish *a material element* of the crime") (citation omitted; emphasis supplied). Thus, the only "act" that was relevant to Price's mistake of fact defense was the act of entering the victim's home, if such act was done without authorization. Price admitted to committing this act, but he claimed that the act may have been justified based on a mistake of fact that led him to believe that he was authorized to enter the home. See OCGA § 16-3-5. Because Price admitted to the relevant act that was directly connected to his mistake of fact defense, the Court of Appeals was incorrect in concluding that Price somehow could not avail himself of this defense by having improperly "denied committing [the relevant] act, while at the same time argu[ing] he committed the act by mistake." *Price*, supra.

Moreover, we cannot say that the trial court's error in failing to charge the jury on Price's mistake of fact defense was harmless, as the charge that was given, "as a whole[,] failed to fairly present [Price's mistake of fact] defense to the jury." *Tarvestad*, supra, 261

Ga. at 606. As explained previously, the Court of Appeals was incorrect in determining that Price's "defense went to the intent element of the burglary charge." *Price*, supra, 303 Ga. App. at 592 (3). Thus, contrary to the Court of Appeals' conclusion that Price's "defense was fairly covered by the jury instructions [on] . . . 'intent to commit a theft [as] an essential element of the criminal offense of burglary [that] must be proven by the State . . . beyond a reasonable doubt" (id.), the charge given actually did nothing to properly inform the jury about the true nature of Price's affirmative defense.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 5, 2011.

*Adam S. Levin, H. Bradford Morris, Jr.*, for appellant.
*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.