**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 2, 2016**

# In the Court of Appeals of Georgia

A15A2180. FRANKLIN v. THE STATE.

DILLARD, Judge.

Following a trial by jury, Charles Franklin was convicted of rape, aggravated sodomy, aggravated assault, aggravated battery, false imprisonment, and the false report of a crime. Franklin's sole contention on appeal is that the trial court erred in failing to *sua sponte* give an instruction on mistake of fact. For the reasons set forth *infra*, we reject this contention and affirm.

Viewed in the light most favorable to the jury's guilty verdict,[1] the record reflects that at approximately 8:00 a.m. on April 13, 2010, the victim, Franklin's then-wife, met him at a rental home that was the subject of a dispute between the newly separated couple. When the wife arrived, Franklin invited her inside and showed her

---

[1] *See, e.g.*, *Muse v. State*, 323 Ga. App. 779, 780 (748 SE2d 136) (2013).

over to a credenza to review and sign some paperwork related to the property. But as the victim bent over to sign the paperwork, Franklin struck her in the head from behind with a metal baseball bat. He then proceeded to beat the victim's head, arms, and body, before dragging her bloodied body into the dining room, propping her against a wall, and brandishing a handgun at her.

When the victim raised an arm to shield herself, Franklin struck her yet again, picked her up off the floor, and then moved her into a bedroom around the corner. Once there, Franklin proceeded to bind the victim's arms and legs to the posters of the bed with a belt, duct tape, and wire. The victim was able to retrieve the bat and swing it at Franklin, but he wrested it from her and beat her once again about the head and abdomen. Franklin then used a box cutter to remove the victim's clothing, lacerating her leg in the process, and then undressed. Thereafter, Franklin repeatedly raped the victim, and at one point anally sodomized her, until approximately 3:30 p.m. When Franklin was not raping the victim, he was yelling at her about her "failures" as a wife and mother, and the victim observed that the handgun was in the room during the entire harrowing ordeal.

At some point after Franklin had severely beaten the victim and bound her to the bed, she decided to stop resisting in an effort to calm Franklin and persuade him

to untie her. She first asked him to untie one of her arms that had become numb and swollen, and then she requested that he untie her legs under the guise that intercourse would "be easier." Over the course of the day, Franklin began to suggest that the two of them should again be together as a couple, to which the victim—who was panicking because she had lost a lot of blood from the gash in her head—agreed. She then requested that Franklin administer medical aid and agreed to go along with a home-invasion story that Franklin concocted in order to receive treatment for her injuries.

Subsequently, Franklin placed a band-aid on the victim's injured leg, hid the various implements that he had used in the attack, kicked in the backdoor to make the scene look like a home invasion, and called 911 to report that he had just returned home to see two men fleeing the house after sexually assaulting his wife. When law enforcement arrived and the victim was finally able to speak with an officer alone, she informed him of what had really occurred, and Franklin was immediately placed under arrest. Following trial, Franklin was convicted of the offenses enumerated *supra*.[2] This appeal follows.

---

[2] Although Franklin does not challenge the sufficiency of the evidence on appeal, we nevertheless find the evidence sufficient to enable a rational trier of fact to find Franklin guilty of all the crimes for which he was convicted beyond a

As previously noted, Franklin's sole argument on appeal is that the trial court erred in failing to *sua sponte* give an instruction on mistake of fact. We disagree.

To begin with, it is true that the trial court must "charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge."[3] And with respect to "mistake of fact," which is an affirmative defense, a person "shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission."[4] Additionally, because mistake of fact is an affirmative defense, even if it was not Franklin's sole defense, if the defense was raised by the evidence,

> the trial court would have been required to present the affirmative defense to the jury as part of the case in its charge, even absent a request. The affirmative defense, however, would not have to be

---

reasonable doubt. *See Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

[3] *Price v. State*, 289 Ga. 459, 459 (2) (712 SE2d 828) (2011) (punctuation omitted); *accord Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991).

[4] OCGA § 16-3-5; *see also Price*, 289 Ga. at 549 (2).

specifically charged if the case as a whole had been fairly presented to the jury.[5]

But importantly, our Supreme Court has previously held that, in cases in which a jury finds a defendant guilty of forcible rape after proper instruction, "[t]he element of force negates any possible mistake as to consent,"[6] such that the court does not err by failing to charge on mistake of fact.[7]

A person commits forcible rape when "he has carnal knowledge of[ ] . . . [a] female forcibly and against her will[.]"[8] And a person commits aggravated sodomy when he or she "commits sodomy with force and against the will of the other person

---

[5] *Price*, 289 Ga. at 459-60 (2) (punctuation omitted); *accord Booker v. State*, 247 Ga. 74, 74 (274 SE2d 334) (1981); *Redding v. State*, 318 Ga. App. 84, 86 (1) (733 SE2d 383) (2012).

[6] *Lamar v. State*, 243 Ga. 401, 403 (6) (254 SE2d 353) (1979); *accord Baise v. State*, 232 Ga. App. 556, 558 (1) (502 SE2d 492) (1998); *Johnson v. State*, 204 Ga. App. 369, 369 (1) (419 SE2d 96) (1992).

[7] *See Lamar*, 243 Ga. at 403 (6) (holding that appellant's contention that trial court erred in failing to charge on mistake of fact was without merit when jury was properly charged as to forcible rape and found appellant guilty of same); *see also Johnson*, 204 Ga. App. at 369 (1).

[8] OCGA § 16-6-1 (a) (1).

5

. . . ."[9] Here, mistake of fact was not Franklin's sole defense to these charges, as he claims on appeal. Instead, the record reflects that Franklin, who did not testify in his own defense, attempted to show that intercourse with the victim was consensual, not that he mistakenly *believed* that it was consensual.

Indeed, a detective who investigated the case and interviewed Franklin testified that Franklin maintained that he did not rape the victim because either he and the victim engaged in consensual intercourse prior to her attack by two unknown assailants or, in the alternative, that he and the victim willingly engaged in "kinky" sex after a domestic dispute during which he struck the victim. And in closing argument, Franklin's counsel repeatedly argued that the State failed to prove that the intercourse was not consensual and suggested that the victim had fabricated and orchestrated the entire encounter to exact revenge upon Franklin for problems in their relationship. In contrast, on appeal, Franklin focuses on testimony by the victim that Franklin might have believed the intercourse was consensual when she feigned interest in order to diffuse the situation and survive the attack.

---

[9] OCGA § 16-6-2 (a) (2); *see also* OCGA § 16-6-2 (a) (1) ("A person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another.").

However, although the victim suggested that Franklin might have believed that the intercourse was consensual, she also unequivocally testified that she was in fear for her life, she acted as she did to prevent Franklin from killing her, she did not want Franklin to think she was going to attempt an escape, and the only message she was trying to convey was that she did not want to fight him any further. The victim further testified that if Franklin "doesn't think he's raping me, if he thinks it's fine, then something is wrong with him. I'm sitting on the bed bleeding and he's cutting my clothes off and he's thinking that this sex is consensual." Finally, the investigating detective also testified that the victim told him she had been instructed in a self-defense class to "kind of go along with it" to ease any tension with an attacker, but that she had not wanted to engage in intercourse or anal sodomy and was instead "just trying to stay alive."

The defense of mistake of fact, then, was not reasonably (or even remotely) raised by the evidence when the victim's physical resistance ended and her demeanor changed after being brutally beaten with a baseball bat, threatened at gunpoint, dragged bleeding through a house, ruthlessly bound to a bed, beaten with the bat *again* after resisting, and lacerated with a box cutter while her clothes were forcibly removed, all while Franklin kept a handgun nearby and repeatedly verbally berated

the victim.[10] Indeed, as our Supreme Court has recognized, a lack of resistance that

is induced by fear is not legally cognizable consent but instead constitutes force.[11]

And here, because the jury was otherwise properly instructed,[12] and found Franklin

---

[10] *Cf. Price*, 289 Ga. at 460 (2) (holding that appellant was entitled to jury charge as to mistake of fact in prosecution for burglary when he consistently testified that he saw "for sale" and "open house" signs, which led him to believe he was authorized to enter house; that he entered through open door and spoke with his mother on phone about buying house while examining the inside; and two other witnesses testified about "for sale" and "open house" signs—all of which was evidence that appellant acted under misapprehension of fact which, if true, would have justified his entry into house and would have authorized jury to acquit him of burglary).

[11] *Derr v. State*, 239 Ga. 582, 582 (1) (238 SE2d 355) (1977); *Farmer v. State*, 197 Ga. App. 267, 267 (1) (398 SE2d 235) (1990); *Walker v. State*, 157 Ga. App. 728, 729 (1) (278 SE2d 487) (1981); *see also Dasher v. State*, 281 Ga. App. 326, 328 (1) (a) (636 SE2d 83) (2006) ("[A] victim's lack of resistance induced by fear authorizes a finding of force."); *Geckles v. State*, 177 Ga. App. 70, 73-74 (3) (338 SE2d 473) (1986) ("[T]estimony regarding a knife and appellant's alleged assault with said knife upon the victim's mother was relevant as tending to explain why the victim feared appellant and to establish that any 'consent' on the part of the victim to the sexual acts charged in the indictment was induced by fear.").

[12] A review of the jury instructions shows that the trial court properly instructed the jury as to the terms of the indictment, the presumption of innocence, the State's burden of proof, the essential element of intent, and the definitions of rape and aggravated sodomy.

guilty of forcible rape and forcible aggravated sodomy, the element of force negated any possible mistake as to consent.[13]

Accordingly, for all of the foregoing reasons, we affirm.

*Judgment affirmed. Ellington, P. J., and McFadden, J., concur.*

---

[13] *See Lamar*, 243 Ga. at 403 (6); *see also Walker*, 157 Ga. App. at 729 (1) (holding that evidence was "more than sufficient to establish that the victim was raped," despite a lack of physical resistance by the victim, when the appellant "broke through a locked door, jumped on top of the victim and put his hand over her mouth" and victim asked appellant not to hurt her, indicating her fear).