**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 20, 2017**

# In the Court of Appeals of Georgia

A17A0760. SOLOMON v. THE STATE.

BRANCH, Judge.

On appeal from his conviction for burglary, J. D. Solomon, Jr., asserts that the evidence was insufficient to support his conviction and that counsel was therefore ineffective when he failed to move for a directed verdict. We find that the evidence was sufficient to sustain his conviction, but that the trial court erred when it sentenced him under the current rather than the former version of the burglary statute, OCGA § 16-7-1. Although we therefore affirm the jury's verdict, we vacate Solomon's conviction and remand for entry of conviction and resentencing under the former OCGA § 16-7-1.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of

innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citation omitted). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted).

So viewed, the record shows that at 11:36 p.m. on the evening of September 4, 2011, an officer with the Warner Robins police department received a call that an alarm had been activated at a local church. Dispatch advised that the tripped alarm was located on the door of a storage shed, which the responding officer knew to be located on the western edge of the property. The officer and a trainee arrived at the scene two minutes later, parked their patrol car on the street west of the church, cut off the car's lights, and approached the property from the south on foot. During a check of the space between two classroom trailers on the property, the officer saw Solomon folding up a metal ladder as he stood directly under a window of one of the trailers. The officer also saw a damaged window screen on the ground beside Solomon.

The officer and the trainee drew their weapons and commanded Solomon to get on the ground, where he was apprehended. A search incident to Solomon's arrest found that he was wearing a single black glove and carrying two wrenches in his back pocket. The back wall of the shed had also been pried away from the building's frame, and mud and grass were found inside. Fresh boot marks matching the boots Solomon was wearing were also found between the shed and the classroom trailers.

Solomon was charged with two counts of burglary in that he "intentionally, unlawfully and without authority" entered "a building," the trailer, and another "building," the shed, "with the intent to commit a theft or felony therein[.]" On the second day of trial, the State nolle prossed the count as to the trailer. The jury charge, closing arguments, and recharge[1] all repeated the question posed by the indictment: that is, whether Solomon had unlawfully entered a "building," the shed, with the intent to commit theft. A jury found Solomon guilty of one count of burglary as to the shed. The trial court convicted Solomon of "first degree" burglary, however, and sentenced him as a recidivist to 20 years with 15 to serve. Solomon's motion for new trial was denied.

---

[1] After the jury asked a question about the difference between burglary and the lesser included offense of criminal trespass, the trial court recharged on both of these definitions.

1. In contesting the sufficiency of the evidence, Solomon concedes that he entered the shed without authority, but asserts that his intent in doing so was only to obtain the ladder in order to enter the classroom trailer, with the result that he cannot be found guilty of burglary as to the shed. We disagree.

Former OCGA § 16-7-1 provided that a person committed burglary when, with "the intent to commit a felony or theft therein," that person "enters or remains within [1] the dwelling house of another or [2] any building . . . designed for use as the dwelling of another or *enters or remains within [3] any other building . . .* or any part thereof." (Emphasis supplied.) See, e.g., *Floyd v. State*, 207 Ga. App. 275, 278 (1) (427 SE2d 605) (1993) (evidence showing entry into garden center was sufficient to sustain conviction for burglary under former version of OCGA § 16-7-1, which defined burglary as including an unlawful entry with intent to commit a theft into not only "the dwelling of another" but also "any other building") (emphasis omitted).

As our Supreme Court has noted, "OCGA § 16-7-1 [has been] amended to create the gradations of first and second degree burglary. The amendment became effective July 1, 2012, and applies only to offenses that occurred on or after that

4

date."[2] *State v. Newton*, 294 Ga. 767, 770, n. 3 (755 SE2d 786) (2014), citing Ga. L. 2012, pp. 899, 949, §§ 3-1, 9-1. The events at issue here occurred on September 4, 2011, with the result that the former statute applies. *Newton*, 294 Ga. at 770, n. 3 (applying the former statute to events occurring in 2007).[3]

On appeal, as at trial, Solomon concedes that he broke into the shed for the purpose of taking the ladder he was folding up when he was apprehended under the classroom trailer's window. A damaged window screen was also found below that

---

[2] The current version of OCGA § 16-7-1 provides in relevant part:

(b) A person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within [1] an occupied, unoccupied, or vacant *dwelling house of another or [2] any building, vehicle, railroad car, watercraft, aircraft, or other such structure designed for use as the dwelling of another*. . . .
(c) A person commits the offense of burglary in the second degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within [3] an *occupied, unoccupied, or vacant building,* structure, railroad car, watercraft, or aircraft. . . .

(Emphasis supplied.) The current law's distinction thus turns on whether, with "the intent to commit a felony or theft therein," a defendant is found to have broken into a "dwelling house of another" or other "structure designed for use as [a] dwelling," in which case he has committed first-degree burglary, or merely any other "building [or] structure," in which case he has committed second-degree burglary. Id.

[3] This indictment did not allege that either the trailer or the shed was a dwelling or that either structure was "designed for use" as such.

5

window. This jury was entitled to infer from the evidence before it that Solomon entered the shed with the intent to steal the ladder for the purpose of breaking into the classroom building such that he was guilty of the burglary of the shed under the former burglary statute. *Floyd*, 207 Ga. App. at 279 (1).

2. In what may well have been a scrivener's error, however, the trial court entered Solomon's conviction as that of burglary in the first degree even though the former law encompassed no such crime. Because this error of law appears on the face of the trial court's judgment, and because we cannot determine how the trial court would have sentenced Solomon under the former law, we vacate his conviction and remand for the entry of a new conviction and resentencing under that law. See *Hoglen v. State*, 336 Ga. App. 471, 477 (3) (784 SE2d 832) (2016) (where appellate court reversed a portion of a defendant's conviction, but could not determine how the trial court would have sentenced him on the remaining counts, the court vacated the sentence and remanded for resentencing); *Hickson v. State*, 308 Ga. App. 50, 56 (6) (706 SE2d 670) (2011) (remanding for resentencing when written sentences did not "conform to the trial court's intentions as expressed at the sentencing hearing and appear to be misnumbered as the result of scrivener's errors").

3. In light of Division 1 above, in which we conclude that the evidence sufficed to sustain the jury's verdict under former OCGA § 16-7-1, Solomon's contention that trial counsel was ineffective in failing to move for a directed verdict has no merit. See *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993) (failure to make a meritless objection cannot be evidence of ineffective assistance).

*Judgment vacated and case remanded with direction. McFadden, P. J., and Bethel, J., concur*.