**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 9, 2019**

# In the Court of Appeals of Georgia

A19A0624. OGLE v. THE STATE.

Brown, Judge.

Following the denial of his motion for new trial, Jack David Ogle, Jr. appeals his conviction for burglary in the second degree.[1] He contends that the trial court should have charged the jury sua sponte on his sole defense of mistake of fact. We disagree and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, any

---

[1] Ogle also was convicted of theft by taking, but he is not challenging that conviction on appeal.

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations and punctuation omitted.) *Solomon v. State*, 342 Ga. App. 836 (805 SE2d 293) (2017). So viewed, the record shows that at approximately 9:55 a.m. on February 25, 2016, Ogle pulled into the victim's driveway in a red pick-up truck and proceeded to enter the victim's carport. Two minutes later, Ogle came out of the carport and entered the passenger side of the truck. The truck proceeded to back up into the carport, and Ogle exited the vehicle. Ogle then entered the carport and tossed an air compressor and garden tiller into the bed of the pick-up truck and drove off.

The victim testified that he realized the items were missing several days later and valued them at $700-750. He immediately checked his surveillance cameras. After investigators identified Ogle's truck from the victim's surveillance footage, the victim realized that he had met Ogle the year before when Ogle approached the victim in his yard to ask if he could buy some of the victim's liriope, or edging grass. On that day, the victim gave Ogle permission to come on his property. The victim did not give Ogle permission to come into his carport or on his property on February 25, 2016.

During an interview with the Elbert County Sheriff's Office, Ogle denied going to the victim's residence and taking the items. At trial, however, Ogle admitted to the

2

theft by taking charge, but denied committing any other crime. He explained that he works for different nurseries around the country, buying and thinning liriope. He testified that he has been buying liriope from homes for over twenty years and that he has visited some homes up to fifteen times to buy their liriope.

In this case, Ogle testified that he bought some liriope from the victim in 2015. He explained that after he bought the liriope and thinned it out, he knocked on the carport door and asked the victim if he could come back after it grows back and buy again, and the victim said "sure." When Ogle went by the victim's home on February 25, 2016, he noticed that the liriope had died and he wanted to fix it by planting new plants. He entered the carport and knocked on the door, but no one came to the door. While he "waited and waited and waited" for someone to respond, he noticed the air compressor and garden tiller next to the garbage can in the carport. He assumed both were trash because they did not work, so he loaded them into his truck. Ogle testified that he "had permission to stop back [at the victim's home] when [he] was in the area." According to the victim, Ogle did not ask the victim if he could return after the liriope grew back to buy more and the victim never gave Ogle permission to come on his property or go in his carport on February 25, 2016.

In his sole enumeration of error, Ogle contends that the trial court erred by failing to charge the jury sua sponte on the defense of mistake of fact. He maintains that it was his "primary" defense and that the evidence supported the charge.

"A person commits the offense of burglary in the second degree when, [1] without authority and [2] with the intent to commit a felony or theft therein, he or she [3] enters or remains within an occupied, unoccupied, or vacant building, [or] structure. . . ." OCGA § 16-7-1 (c). "Mistake of fact represents an affirmative defense, under which a person shall not be found guilty of a crime if the act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission." *Paul v. State*, 331 Ga. App. 560, 563-564 (4) (769 SE2d 396) (2015). See also OCGA § 16-3-5.

> If the defense was raised by the evidence, including the defendant['s] own statements, the trial court would have been required to present the affirmative defense to the jury as part of the case in its charge, even absent a request. The affirmative defense, however, would not have to be specifically charged if the case as a whole had been fairly presented to the jury.

(Citation and punctuation omitted.) *Price v. State*, 289 Ga. 459, 460 (2) (712 SE2d 828) (2011). Additionally, "[a] defendant is not entitled to a jury charge on this

4

defense . . . where the evidence shows that his ignorance or mistake of fact was superinduced by the defendant's own fault or negligence." (Citation and punctuation omitted.) *Castaneira v. State*, 321 Ga. App. 418, 422 (1) (740 SE2d 400) (2013).

In *Price*, the defendant was convicted of burglary. 289 Ga. at 459 (1). Evidence presented at trial showed that the defendant entered the home through an unlocked door because he thought the home was for sale. Id. The Supreme Court found that the trial court erred in failing to charge the jury on the defendant's mistake of fact defense because it was "based on the idea that he was authorized to enter the house as an interested buyer, and because this authorization alone would have eliminated one of the essential elements of burglary . . . [i.e.,] whether [the defendant] was authorized to enter the dwelling house in the first place." (Citation and punctuation omitted.) Id. at 461 (2). In *Price*, there was evidence that the defendant saw "for sale" and "open house" signs that led him to believe that he was authorized to enter the house. Id. at 460 (2).

Citing to *Price*, Ogle contends that the charge was warranted here because he was under the mistaken belief that the victim's "previous authorization to enter the carport created a reasonable impression that the same authorization applied on the second visit [in 2016] to the property." Even assuming, without deciding, that mistake

5

of fact was Ogle's sole defense, and that his action in entering the victim's carport on February 25, 2016, was induced by the misapprehension of fact that the victim had given him permission in 2015, that misapprehension would not have justified Ogle's action in backing his truck into the carport and entering the carport a *second* time – after confirming on his first entry into the carport that no one was home – and tossing the air compressor and garden till into the back of his truck.

In his reply brief, Ogle argues that the unauthorized entry element of burglary is independent and not conditioned on the intent to commit a theft element of OCGA § 16-7-1 (c). He further contends that because of the nature of the previous transaction, he was not negligent in believing he had permission to enter the carport. The video footage presented at trial, however, shows that Ogle chose to enter the carport twice, the second time after ascertaining during his *first entry* that no one was home. Having been made aware that no one was home to discuss the liriope during that first entry, Ogle nevertheless climbed back into his truck, backed it into the carport, exited the truck, and then re-entered the carport a second time. These circumstances do not support a finding that Ogle acted under a reasonable and honest mistake of fact. Accordingly, the trial court did not err in failing to sua sponte charge the jury on mistake of fact.

6

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur.*