**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.

    https://www.gaappeals.gov/rules

June 4, 2026

# In the Court of Appeals of Georgia

A26A0764. RYMER v. THE STATE.

DOYLE, Presiding Judge.

Following a jury trial, Joshua Rymer was convicted of aggravated assault and criminal trespass as a lesser included offense of first-degree burglary. After his motion for new trial was denied, Rymer filed this appeal, in which he contends that the trial court erred by failing to charge the jury with the affirmative defenses of (1) mistake of fact and (2) coercion. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, see *Fairwell v. State*, 311 Ga. App. 834, 835(1) (717 SE2d 332) (2011) (citing *Jackson v. Virginia*, 443 US 307, 319 (1979)), the evidence presented at trial shows that on the night of February 12, 2024, Maria Santana was at home with her husband, Jesus Alfaro, and two children when

Santana discovered Rymer in her garage. When Santana attempted to close the door to her garage, Rymer pushed her, entered her home, and locked the door behind him while wielding a knife. Santana testified that after Rymer entered her home, she was scared because he was yelling, following her with the knife, and moving it from side to side.

Pursued by Rymer, Santana retreated upstairs, collected her younger son, who was in the hallway, took him to the room her older son was in, and locked the door. Thereafter, Santana heard Rymer screaming and trying to get into the room. Santana called Alfaro, who was in the basement in-law suite, and he called 911. Alfaro attempted but was unable to access Santana and their children because he was without his keys and Rymer had locked the door to that portion of the home. Rymer was still in the home when police arrived.

On cross-examination, Rymer's counsel elicited from Santana that after Rymer had entered the home, he told her that "somebody was coming after him." Santana told the responding officer that Rymer "had entered into the home and was running around thinking somebody was after him." When the responding officer made contact with Rymer, he appeared upset and claimed that "somebody was chasing after him."

Further, around the time that Alfaro had called 911, Rymer also had made a 911 call.[1] However, there was no evidence that anyone was actually coming after Rymer or that he had been the victim of any crime.

Following Rymer's arrest, Santana and Alfaro discovered that Rymer had caused damage to multiple items and fixtures in their home. Additionally, the day after the incident, Santana's father found a rifle that had been discarded near some bushes on the property. This firearm belonged to Rymer's father, with whom Rymer lived at the time, and Rymer's father testified that he had not put it there.

Rymer was indicted for two counts of first-degree burglary (Counts 1 and 2); second-degree criminal damage to property (Count 3); aggravated assault (Count 4); two counts of third-degree cruelty to children (Counts 5 and 6); and possession of a firearm by a convicted felon (Count 7). At the close of evidence, the trial court directed verdicts of acquittal as to Counts 1 and 3. The jury found Rymer not guilty as to Counts 5, 6, and 7, but returned guilty verdicts as to Counts 2 and 4, finding that Rymer had committed aggravated assault and criminal trespass as a lesser included offense of first-degree burglary. Rymer filed a motion for new trial, which he amended

---

[1] A recording of Rymer's 911 call was admitted into evidence and played before the jury, but this recording is not contained in, nor are its contents otherwise apparent from, the appellate record.

once. After a hearing, the trial court denied the motion, finding that the evidence at trial did not support giving jury charges on mistake of fact and coercion and that, in any event, the State had disproved these defenses. Rymer now appeals.

1. Rymer contends that the trial court erred by failing to charge the jury on the affirmative defense of mistake of fact. We disagree.

OCGA § 16-3-5 provides that "[a] person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission." "Mistake of fact is an affirmative defense[.]" *Murphy v. State*, 280 Ga. 158, 159(2) (625 SE2d 764) (2006). "A defendant is entitled to a requested jury instruction regarding an affirmative defense when at least slight evidence supports the theory of the charge[.]" *McClure v. State*, 306 Ga. 856, 864(1) (834 SE2d 96) (2019). "[T]he failure to instruct the jury on a defendant's sole defense is reversible error, even when the defendant does not request the charge. However, even regarding a sole defense, a charge is not mandated without some evidence to support it." *Fowler v. State*, 267 Ga. App. 699, 700(2) (600 SE2d 756) (2004) (citation modified).

Here, Rymer submitted a written request to charge the jury on mistake of fact, which request was reiterated at the charge conference. Moreover, mistake of fact was

Rymer's sole defense, so even if unrequested, the charge would have been mandatory, assuming that at least slight evidence supported it. The trial court declined to give this charge: "I'm not going to give it. I don't think it applies in this case." Because a charge on mistake of fact was not supported by the evidence in this case, we cannot say that the trial court erred.

There was evidence that Rymer's actions on the date of the incident were *induced* by a misapprehension that he was being pursued by unknown assailants for unknown reasons. Rymer's statements to Santana and the responding officer to this effect, the fact that he made a 911 call, and the fact that he locked the door behind him after entering the home, support the theory that he was in distress at the time. Nevertheless, while his distress may provide some explanation for Rymer's behavior, it does not provide *justification* for it. See *Hayes v. State*, 193 Ga. App. 33, 37(8) (387 SE2d 139) (1989) ("[E]ven assuming … that … [the appellant's] actions in breaking and removing the windowpane of the victims' back door were induced by the misapprehension that appellant's wife was inside, nevertheless that misapprehension would not have *justified* appellant's actions in 'breaking the plane' of the victim's residence." (emphasis in original)).

There was no evidence that Rymer's forcible entry into Santana's home while

5

wielding a knife (the conduct supporting Rymer's conviction as to Count 2) and subsequent pursuit of Santana in her home with a knife (the conduct supporting Rymer's conviction as to Count 4) were justified. See OCGA § 16-3-20 et seq. (outlining the circumstances under which a defendant may claim justification as a defense to criminal prosecution, none of which apply here). "A jury charge is properly refused where it is not authorized or adjusted to the evidence adduced at trial." *McNeese v. State*, 186 Ga. App. 410, 411(2) (367 SE2d 235) (1988) (quotation marks omitted).

Rymer's reliance on *Price v. State*, 289 Ga. 459 (712 SE2d 828) (2011), is misplaced because the facts of that case are distinguishable from those present here. In *Price*, the Supreme Court of Georgia reversed a burglary conviction based on the trial court's erroneous failure to give a jury instruction on mistake of fact. Id. at 461–62(2). In the first place, unlike Price, who was convicted of burglary, Rymer was convicted of only aggravated assault and criminal trespass.[2] But more importantly, the circumstances of entry into the alleged victim's home in *Price* are in stark contrast to Rymer's actions.

Price was unarmed, did not enter the home forcibly, and was discovered merely

---

[2] Although Price was also convicted of criminal trespass, he did not challenge that conviction on appeal. *Price*, 289 Ga. at 459 n.1.

"rummaging in the kitchen." Id. at 459(1). Further, in *Price*, three witnesses testified that the home had "for sale" and "open house" signs posted in front of it. Id. Thus, the Supreme Court explained that "[b]ecause Price presented evidence that he acted under a misapprehension of fact which, if true, would have justified his entry into the house and would have authorized the jury to acquit him of burglary, the trial court was obligated to charge the jury on mistake of fact[.]" Id. at 460(2).

Here, by contrast, Rymer, wielding a knife, physically pushed Santana to enter her home as she attempted to close the door on him, thereafter pursuing her in her home with the knife. While there may have been evidence that Rymer was acting under a misapprehension of fact that explained his presence at Santana's home, there was no evidence that this misapprehension justified the manner of his entry into the home and subsequent threatening behavior within. See *Hayes*, 193 Ga. App. at 37(8). Under these circumstances, the trial court was not obligated to charge the jury on mistake of fact, and *Price* does not require otherwise.

2. Rymer also contends that the trial court erred by not sua sponte charging the jury on the affirmative defense of coercion. We disagree.

"A person is not guilty of a crime [apart from murder] if the act upon which the supposed criminal liability is based is performed under such coercion that he or she

reasonably believes that performing the act is the only way to prevent imminent death or great bodily injury to himself or herself or a third person." OCGA § 16-3-26.

Rymer did not request a jury charge on coercion, either in his written requests or at the charge conference. As such, this enumeration is subject only to plain error review. See OCGA § 17-8-58(b). "To show plain error, the appellant must demonstrate that the instructional error was not affirmatively waived, was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Payne v. State*, 314 Ga. 322, 325(1) (877 SE2d 202) (2022). We "need not analyze all of the elements of the plain error test when the appellant fails to establish one of them." *Hill v. State*, 310 Ga. 180, 194(11)(a) (850 SE2d 110) (2020).

As mentioned in Division 1, there was no evidence adduced at trial to support any of the justification defenses outlined in OCGA § 16-3-20 et seq., including coercion as defined in OCGA § 16-3-26. In particular, there was no evidence that Rymer's fear of injury was reasonable or that the danger he perceived was present and immediate at the time he entered Santana's home and pursued her with a knife. See *Gordon v. State*, 234 Ga. App. 551, 552 (507 SE2d 269) (1998) ("The fear of injury must be reasonable and the danger must not be one of future violence but of present

and immediate violence at the time of the commission of the forbidden act."). Because the trial court correctly declined to sua sponte charge the jury on coercion,[3] Rymer "does not demonstrate any error or defect, much less a clear and obvious error or defect, for the purposes of plain error review." *Williams v. State*, 323 Ga. 354, 359(3) (925 SE2d 543) (2026).

*Judgment affirmed. Davis, J., and Senior Judge C. Andrew Fuller concur.*

---

[3] See *Gordon*, 234 Ga. App. at 552 (holding that "there was no showing of a reasonable fear of immediate violence" to support a coercion instruction in a burglary prosecution in which the defendant had entered a building "while the whereabouts of those who had allegedly posed a threat to him was unknown").